**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SOOMI AMAGASU, both Individually and as Spouse and Power of Attorney for FRANCIS AMAGASU<br><br>Plaintiffs<br><br>v.<br><br>FRED BEANS FAMILY OF DEALERSHIPS, FRED BEANS FORD, INC., FRED BEANS FORD, INC. d/b/a FRED BEANS FAMILY OF DEALERSHIPS, FRED BEANS KIA OF LIMERICK, FRED BEANS MOTORS OF LIMERICK, INC., FRED BEANS MOTORS OF LIMERICK, INC. d/b/a FRED BEANS KIA OF LIMERICK, MITSUBISHI MOTORS NORTH AMERICA, INC., MITSUBISHI MOTORS CORPORATION<br><br>Defendants. | **CIVIL ACTION**<br><br>**19      4853**<br><br>**NO:** _____ |

**NOTICE OF REMOVAL OF DEFENDANTS
MITSUBISHI MOTORS CORPORATION AND
MITSUBISHI MOTORS NORTH AMERICA, INC.**

Defendants, Mitsubishi Motors Corporation ("MMC") and Mitsubishi Motors North America, Inc. ("MMNA"), by and through their attorneys, Campbell Conroy & O'Neil, P.C., hereby removes the above-captioned action, which is presently in the Court of Common Pleas of Philadelphia County, November Term 2018, No. 2406, pursuant to 28 U.S.C. § 1441 et seq. and in support thereof state as follows:

1.     Plaintiffs commenced this personal injury action by a Complaint filed on November 20, 2018 in the Court of Common Pleas of Philadelphia County. *See generally* Fourth Am. Compl., hereto attached as Exhibit A[1]

2.     While the case was not originally removable on the face of the Complaint due to the presence of a Pennsylvania entity, co-defendants Fred Beans Family of Dealerships, Fred Beans Ford, Inc., Fred Beans Ford, Inc. d/b/a Fred Beans Family of Dealerships, Fred Beans Kia of Limerick, Inc., Fred Beans Motors of Limerick, Inc. d/b/a Fred Beans Kia of Limerick, (collectively, "Fred Beans"), 28 U.S.C. § 1446(b) provides that a notice of removal can be filed within 30 days of the receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

3.     For the reasons stated herein, this case is removable on the basis of diversity jurisdiction, because Plaintiffs' responses to written discovery requests from Fred Beans demonstrate that the citizenship of Fred Beans should be disregarded for purposes of diversity, because Fred Beans was fraudulently joined in order to defeat diversity jurisdiction, and complete diversity exists among the remaining parties.

A.     **FACTS AND PARTIES**

4.     This action arises out of a motor vehicle accident that occurred on November 11, 2017 on Pineville Road in Buckingham Township, Pennsylvania. Ex. A, 4th Am. Compl.

---

[1]     MMNA and MMC have filed preliminary objections asserting, inter alia, the Pennsylvania courts' lack of personal jurisdiction over them. In response, Plaintiffs have repeatedly amended the form of their complaint, resulting in the Fourth Amended Complaint being the operative complaint; however, the substance is nearly identical to that of their original Complaint. Moreover, while MMNA and MMC have preliminary objections still pending due to Plaintiffs' repeated, non-substantive amendments to the complaint, this Notice of Removal in no way is intended to waive MMNA's and MMC's objections to the exercise of personal jurisdiction over them in Pennsylvania.

5.      Plaintiffs allege that Francis Amagasu, was operating a 1992 Mitsubishi 3000 GT when he lost control of the vehicle while attempting to pass another vehicle, causing it to leave the roadway and roll over, resulting in serious injuries, including paralysis. *Id.*

6.      Plaintiffs assert negligence and strict liability claims against MMNA and MMC for their design, manufacture, and sale of the subject vehicle and seek compensatory and punitive damages. *Id.*

7.      In addition to MMC and MMNA, the Complaint contains a count in negligence against the Fred Beans defendants, alleging that Mr. Amagasu's "loss of control was caused by the negligence maintenance, repairs, and inspections performed by the Fred Beans Defendants . . . ." *Id.* ¶ 24.

8.      MMC is a foreign corporation headquartered in Manto-Ku, Tokyo, Japan with its principal place of business in Japan. Aff. of Hideki Ebata ¶ 3, hereto attached as Exhibit B; *see also* Ex. A, 4th Am. Compl.

9.      MMNA is a corporation incorporated under the laws of the state of California with its principal place of business in California. Aff. of Jorgen Weterrings ¶ 4, hereto attached as Exhibit C; *see* also Ex. A, 4th Am. Compl.

10.     Fred Beans Ford, Inc. is a Pennsylvania corporation with a principal place of business at 876 N. Easton Road, Doylestown, Pennsylvania, 18902. Fred Beans Ans. to Fourth Am. Compl. ¶ 11, hereto attached as Exhibit D; *see also* Ex. A, 4th Am. Compl.

11.     Fred Beans Motors of Limerick, Inc. is a Pennsylvania corporation with a principal place of business at 611 North & Sawmill Road, Doylestown, Pennsylvania, 18901. Ex. D, Fred Beans Ans. to Fourth Am. Compl. ¶ 11; *see also* Ex. A, 4th Am. Compl.

12. The remaining named Fred Beans entities are fictitious defendants. Ex. D, Fred Beans Ans. to Fourth Am. Compl. ¶ 11; *see also* Ex. A. 4th Am. Compl.

13. Plaintiffs, Soomi Amagasu and Francis Amagasu, reside at 6150 Upper Mountain Road, New Hope, Pennsylvania, 18938. Ex. A, 4th Am. Compl.

## B. FRED BEANS WAS FRAUDULENTLY JOINED TO DEFEAT DIVERSITY

14. Plaintiffs' negligence claim against Fred Beans alleges that Fred Beans negligently maintained, inspected, serviced, repaired, provided warnings, and releasing the subject vehicle, and that Fred Beans's negligence caused Plaintiffs' injuries. Ex. A, 4th Am. Compl. ¶¶ 46-48.

15. On or about February 7, 2019, Fred Beans served discovery requests upon counsel for Plaintiffs, requiring Plaintiffs answers to those requests by March 9, 2019. *See* Fred Beans Request for Production of Documents, Interrogatories, Expert Witness Interrogatories, hereto attached as Exhibit E; *see also* Letter from B. Howton to S. Eisenberg, 3/19/19, hereto attached as Exhibit F.

16. Plaintiffs did not respond to Fred Beans discovery requests, requiring Fred Beans to file a Motion to Compel Plaintiffs' answers thereto, which was filed on or about May 21, 2019.[2]

17. On August 5, 2019,[3] the Court ordered Plaintiffs to provide full and complete answers to Fred Beans's discovery requests within thirty-five (35) days of that Order, by September 9, 2019. *See* Order, hereto attached as Exhibit G.

18. Plaintiffs' responses to Fred Beans's discovery requests, served on September 16, 2019, reveal that the sole basis for liability against Fred Beans consists of a notation in a CARFAX report:

---

[2] Due to the Court of Common Pleas's electronic filing system being non-functioning for several weeks, once the system was online, on July 15, 2019, Fred Beans filed a separate request for a discovery hearing on its Motion to Compel.

[3] The Order was dated July 31, 2019, but entered on the docket on August 5, 2019.

25.    State when the motor vehicle at issue (1992 Mitsubishi 3000 GT bearing Pennsylvania license plate 3M94) was last maintained, inspected, serviced and/or repaired by any of the named defendants.

**Answer:    Plaintiffs respond by stating that they are unsure of all of the dates the vehicle was serviced, inspected, maintained, and/or or repaired by the Fred Beans Defendants, although said services are documented in the vehicle's CARFAX records (which are attached).**

Plaintiffs' Ans. to Fred Beans First Set Interrogatories, ¶ 25, hereto attached as Exhibit H.

19.    The CARFAX report attached to Plaintiffs' responses indicates that the subject vehicle was serviced by Fred Beans three times: on May 22, 2006; June 16, 2006; and August 3, 2006. *See* CARFAX Report, hereto attached as Exhibit I.

20.    The services performed on those dates were: "Idle control valve/motor replaced" and "Drivability/performance checked" on May 22, 2006; "Drivability/performance checked" and "Antifreeze/coolant flushed/changed" on June 16, 2006; and "Vehicle serviced" on August 3, 2006. Ex. I, CARFAX Report.

21.    Plaintiffs have provided no other records demonstrating that Fred Beans serviced, maintained, or inspected the subject vehicle—or had any contact with the vehicle whatsoever—at any point in time within eleven (11) years of the subject accident.[4]

22.    Nor have Plaintiffs provided any record or other information that could connect Fred Beans's limited servicing of the subject vehicle, over eleven (11) years prior to the accident, to the alleged "loss of control" on the date of the accident.

23.    Instead, Plaintiffs stated that in the eleven (11) years between the last date of service by Fred Beans and the accident, Plaintiff Francis Amagasu performed maintenance himself, and

---

[4]    In the absence of any other information in the case linking Fred Beans to the subject vehicle, and based on the date on Plaintiffs' produced copy of the CARFAX report, Plaintiffs presumably obtained the report prior to bringing this lawsuit and chose to sue Fred Beans based solely on its inclusion on the CARFAX report.

Melson's Service Center in New Hope, Pennsylvania, performed inspections of the vehicle. Ex. H , Plaintiffs' Ans. to Fred Beans First Set Interrogatories, ¶ 27.

24. Plaintiffs sued Melson's Service Center, but voluntarily discontinued the action. *See* docket for case No. 1805-03114 (Phila. Ct. Com. Pl), hereto attached as Exhibit J.

25. Almost one year has elapsed since Plaintiffs filed this lawsuit, and to date, Plaintiffs have not sought any discovery from Fred Beans or any Fred Beans employee or representative.

26. As revealed by Plaintiffs' responses to Fred Beans's discovery requests, Plaintiffs do not have a colorable claim of liability against Fred Beans, and Fred Beans's citizenship should be disregarded for purposes of diversity jurisdiction.

27. Plaintiffs' responses to Fred Beans's discovery requests were the first paper in this matter from which it could first be ascertained that this matter had become removable. Therefore, MMC and MMNA now timely file this Notice of Removal. *See* 28 U.S.C.A. § 1446(b).

## C. DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFFS AND MMC AND MMNA

28. For purposes of diversity jurisdiction, MMC is a citizen of Japan. *See* 28 U.S.C.A § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . ."). Ex. B, Aff. of Hideki Ebata ¶ 3; *see also* Ex. A, 4th Am. Compl.

29. For purposes of diversity jurisdiction, MMNA is a citizen of California. Ex. C, Aff. of Jorgen Weterrings ¶ 4; *see* also Ex. A, 4th Am. Compl.

30. Because the Court should disregard the citizenship of any and all Fred Beans entities for purposes of diversity jurisdiction, complete diversity of citizenship now exists between Plaintiffs, who are residents of Pennsylvania, MMC, and MMNA.

## D. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

6

31.     Plaintiffs claim that the subject accident rendered Francis Amagasu a quadriplegic; Plaintiffs allege damages "in excess of $50,000"; and Plaintiffs seek punitive damages. *See* Ex. A, 4th Am. Compl. ¶ 26; *see id.* at 12, 14, 17.

32.     In Plaintiffs' initial Case Management Conference Memorandum, they demanded $80 Million. *See* Plaintiffs' Case Management Conference Memorandum, dated February 22, 2019, hereto attached as Exhibit K.

33.     Given the extent of injuries involved in this matter and Plaintiffs' demanded damages, the amount in controversy exceeds $75,000 and thus meets the requirement of 28 U.S.C. § 1332(a).

**E.     THIS CASE IS REMOVABLE BASED ON DIVERSITY OF CITIZENSHIP**

34.     Because the amount in controversy in this case is in excess of $75,000; Plaintiffs and Defendants MMC and MMNA are citizens of different states; and because the case, while not removable based on the complaint or any amendments thereto, is removable based on the receipt of Plaintiffs' answers to Fred Beans's discovery requests served on September 16, 2019, this matter may be removed pursuant to 28 U.S.C. §§ 1441, 1446, and this Court may exercise jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332.

35.     This action may be removed to this Court by Defendants MMC and MMNA pursuant to 28 U.S.C. § 1441(a) because this case was initially brought in a state court within the geographical area of the Eastern District of Pennsylvania and because this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

36.     MMC and MMNA have given written notice of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d), by filing this Notice of Removal with the Court of Common Pleas of Philadelphia County and by giving written notice to counsel for Plaintiffs.   A copy of

Defendants' Praecipe to File Notice of Removal is hereto attached as Exhibit L. A copy of the Notice to Plaintiffs is attached as Exhibit M.

37.     All relevant pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. § 1441(a).                                    .

**WHEREFORE**, Defendants Mitsubishi Motors Corporation and Mitsubishi Motors North America, Inc. respectfully request that this action now pending against them in the Court of Common Pleas of Philadelphia County, November Term, 2018, No. 2406, be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**CAMPBELL CONROY & O'NEIL, P.C.**

By: _____
        William J. Conroy, Esquire
        Emily J. Rogers, Esquire
        1205 Westlakes Drive, Suite 330
        Berwyn, PA 19312
        Tel. (610)-964-1900
        Fax (610)-964-1981

*Attorneys for Defendant,*
*Mitsubishi Motors Corporation and*
*Mitsubishi Motors North America, Inc.*

8

## CERTIFICATE OF SERVICE

I, Emily J. Rogers, Esquire, hereby certify that on October 16, 2019, a copy of the foregoing

Praecipe to File Notice of Removal was mailed via U.S. Mail, first-class, postage prepaid, to

counsel for Plaintiffs at the following address:

Daniel J. Sherry, Jr., Esquire
Nancy J. Winkler, Esquire
Stewart J. Eisenberg, Esquire
Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck P.C.
1634 Spruce Street
Philadelphia, PA 19103

CAMPBELL CONROY & O'NEIL, P.C.

By: _____
Emily J. Rogers, Esquire

# Exhibit A

**EISENBERG, ROTHWEILER,**
**WINKLER, EISENBERG & JECK, P.C.**
**BY: STEWART J. EISENBERG, ESQUIRE**
**BY: NANCY J. WINKLER, ESQUIRE**
**BY: DANIEL J. SHERRY, JR., ESQUIRE**       **ATTORNEYS FOR PLAINTIFFS**
**ATTORNEY I.D. Nos. 32151/49465/201515**
**1634 Spruce Street**
**Philadelphia, PA 19103**
**215.546.6636**

---

SOOMI AMAGASU, both Individually and as        : COURT OF COMMON PLEAS
Spouse and Power of Attorney for FRANCIS       : PHILADELPHIA COUNTY
AMAGASU                                        :
6150 Upper Mountain Road                       : NOVEMBER TERM, 2018
New Hope, PA 18938                             :
                                               : NO.: 02406
              *Plaintiffs,*                    :
              v.                              : **JURY TRIAL DEMANDED**
                                               :
FRED BEANS FAMILY OF                           :
DEALERSHIPS                                    :
3960 Airport Blvd                              :
Doylestown, PA 18901                           :
   and                                        :
FRED BEANS FORD, INC.                          :
876 N Easton Rd                                :
Doylestown, PA 18901                           :
   and                                        :
FRED BEANS FORD, INC. d/b/a                    :
FRED BEANS FAMILY OF                           :
DEALERSHIPS                                    :
3960 Airport Blvd                              :
Doylestown, PA 18901                           :
   and                                        :
FRED BEANS KIA OF LIMERICK                     :
611 North and Sawmill Road                     :
Doylestown PA 18901                            :
   and                                        :
FRED BEANS MOTORS OF                           :
LIMERICK, INC.                                 :
3960 Airport Blvd                              :
Doylestown, PA 18901                           :
   and                                        :
FRED BEANS MOTORS OF                           :
LIMERICK, INC. d/b/a FRED BEANS                :

KIA OF LIMERICK       :
3960 Airport Blvd       :
Doylestown, PA 18901       :
   and       :
MITSUBISHI MOTORS NORTH       :
AMERICA, INC.       :
6400 Katella Avenue,       :
Cypress, California, 90630-0064       :
   and       :
MITSUBISHI MOTORS       :
CORPORATION       :
33-8, Shiba 5-chome, Minato-ku,       :
Tokyo 108-8410       :
Japan       :
      :
         *Defendants.*       :
      :

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you buy the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

LAWYER REFERRAL SERVICE
One Reading Center
1101 Market Street
Philadelphia, Pennsylvania 19107
(215) 238-6333

### AVISO

Le han demandado a usted en la corte. Si, usted quiere defenderse de estas demandas expuetas en las páginas siguientes, usted tiene veinte (20) dí.as de plazo al partir de la fedcha de la demanda y la notificatio1on. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con tdas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTA. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO. SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO."

SERVICIO DE REFERENCIA LEGAL
One Reading Center
1101 Market Street
Filadelfia, Pennsylvania 19107
Teléfono (215) 238-6333

## FOURTH AMENDED COMPLAINT

Plaintiff Soomi Amagasu, both Individually and as the Spouse and Power of Attorney for Francis Amagasu brings the within lawsuit against the Defendants Fred Beans Family of Dealerships, Fred Beans Ford, Inc., Fred Beans Ford, Inc. d/b/a Fred Beans Family of Dealerships, Fred Beans Kia of Limerick, Fred Beans Motors of Limerick, Inc., and Fred Beans Motors of Limerick, Inc. d/b/a Fred Beans Kia of Limerick (hereinafter collectively referred to as the "Fred Beans Defendant") which are domestic Pennsylvania business entities that regularly conduct business in Philadelphia County, Defendant Mitsubishi Motors North America, Inc. a foreign corporation which is actively registered with Pennsylvania's Department of State to regularly conduct business in the Commonwealth of Pennsylvania and has designated its registered agent in Pennsylvania in Philadelphia County, and Defendant Mitsubishi Motors Corporation, a foreign corporation that is headquartered at the address set forth in the Caption, and which regularly conducts business in Philadelphia County. Hereinafter, Defendant Mitsubishi Motors North America, Inc. and Defendant Mitsubishi Motors Corporation are collectively referred to as "The Mitsubishi Defendants".

All of the party-defendants in this case are alleged to be joint tortfeasors.

## INTRODUCTORY ALLEGATIONS

1.      This is an action for damages against Defendants in excess of Fifty Thousand Dollars ($50,000.00).

2.      Plaintiffs are citizens and residents of the Commonwealth of Pennsylvania, and reside at the address set forth in the Caption.

3

3. On November 11, 2017, Plaintiff Francis Amagasu was catastrophically injured when the vehicle he was operating as a seatbelted driver, a Pennsylvania-registered 1992 Mitsubishi 3000 GT bearing a Pennsylvania license plate 3M94 (hereinafter "the subject vehicle") lost control and subsequently rolled over in Buckingham Township, Pennsylvania.

4. Upon information and belief, the subject vehicle was manufactured by the Mitsubishi Defendants and was repeatedly inspected for roadworthiness by the Fred Beans Defendants.

5. As a result of the subject vehicle losing control on the roadway, it left the roadway and subsequently experienced a rollover.

6. During the rollover sequence, design and manufacturing defects in the vehicle and the vehicle's restraint system caused Francis Amagasu to become partially ejected or, alternatively, interacting with the roof and/or other vehicle structures.

7. As a result of the crash and rollover sequence, Francis Amagasu sustained catastrophic injuries to his spine, neck, head, and body, that have rendered him paralyzed and totally incapable of caring for himself.

8. Due to Francis Amagasu's catastrophic injuries, on or about January 11, 2018, a durable power of attorney was executed thereby designating Plaintiff Soomi Amagasu to act on her spouse's behalf.

9. At all times material, the Mitsubishi Defendants were and are foreign corporations with principal places of business at the addresses set forth in the Caption. The Mitsubishi Defendants, which have a registered agent in Philadelphia County pursuant to their filing with Pennsylvania's Department of State, were and are authorized to do business throughout the

4

Commonwealth of Pennsylvania and the County of Philadelphia for which they receive substantial revenue.

10. The Mitsubishi Defendants submitted themselves to the jurisdiction and venue of this Court via general personal jurisdiction, including but not limited to the fact that the Mitsubishi Defendants have registered with the Commonwealth of Pennsylvania's Department of State (resulting in jurisdiction over the Mitsubishi Defendants pursuant to the Pennsylvania Superior Court's holding in Webb-Benjamin and other controlling law), as well as specific personal jurisdiction, particularly in light of the fact that this case involves a crash that occurred in the Commonwealth of Pennsylvania with resulting injuries and damages to citizens and residents of the Commonwealth of Pennsylvania, and Philadelphia County is a county in which the Mitsubishi Defendants have a designated registered agent (having represented as such with the Commonwealth of Pennsylvania's Department of State) and is also a county in which the Mitsubishi Defendants regularly conduct business. Moreover, the Mitsubishi Defendants regularly sell vehicles and vehicle component parts in the Commonwealth of Pennsylvania, and despite knowing (and/or being on constructive notice) that the subject vehicle was owned and registered to a resident in the Commonwealth of Pennsylvania, failed to send relevant and adequate warnings about the defects in the vehicle to Plaintiffs.

11. At all times material hereto, the Fred Beans Defendants were and are active domestic Pennsylvania business entities with headquarters at the addresses reflected in the Caption.

12. Upon information and belief, the Fred Beans Defendants regularly conduct business in Philadelphia County. By way of example, the Fred Beans Defendants own, operate,

5

and control a website which has the following page: https://www.fredbeans.com/certified-pre-owned-cars-philadelphia-pa/. When this page is accessed, the following language appears:

"When you're searching for top-quality certified pre-owned cars in Philadelphia, PA, you need to stop by Fred Beans today."

13.     Moreover, when the Fred Beans Defendants' official website is accessed

(https://www.fredbeans.com/used-cars-philadelphia-pa/) the following language is present which

clearly demonstrates that the Fred Beans Defendants regularly conduct significant business in

Philadelphia County:

> **The City of Brotherly Love, Philadelphia, is one of the most storied metropolitan areas in the country. Instrumental in the American Revolution and serving as the signing place of the Constitution, you'll find interesting history around every corner in this one-of-a-kind city.**
>
> **Despite possessing such a long and rich history, Philadelphia doesn't skimp on modern conveniences, offering its citizens and visitors numerous options for fun and recreation. From multiple professional sports teams to numerous world-class museums and a variety of shopping options, Philadelphia truly has something for everyone.**
>
> **Because Philadelphia is such a large, fun-filled location, you need reliable transportation so you can see everything the city offers. Finding the best used cars in Philadelphia, PA, is as easy as paying a quick visit to Fred Beans Used.**

14.     Alternatively, the Fred Beans Defendants are subject to venue in Philadelphia

County pursuant to the joint tortfeasor rule, given that the Mitsubishi Defendants regularly

conduct business in Philadelphia County and have a designated agent in Philadelphia County.

15.     At all material times, all of the party-defendants, all of which are joint tortfeasors,

were acting by and through their employees, actual agents, and ostensible agents, all of whom

were operating within the course and scope of their employment.

6

**THE PRODUCTS**

16.     Plaintiffs incorporate by reference all of the above Paragraphs as if set forth fully herein.

17.     The products involved in this Fourth Amended Complaint are the subject vehicle and all of its component parts including, but not limited to its structures, its occupant restraint system (including seatbelts), and all other complained-of component parts.

18.     The subject vehicle was, upon information and belief, maintained, inspected, serviced, repaired, and/or released by the Fred Beans Defendants.

**THE INCIDENT**

19.     Plaintiffs incorporate by reference all of the above Paragraphs as if set forth fully herein.

20.     On November 11, 2017 at approximately 1:58 p.m., the subject vehicle was being driven by Francis Amagasu on Pineville Road, eastbound, in Buckingham Township, Pennsylvania.

21.     Francis Amagasu was wearing his seatbelt.

22.     In the front passenger seat was Katsutoshi Amagasu who was, likewise, wearing his seatbelt.

23.     As the subject vehicle attempted to maneuver around another vehicle, it lost control, left the roadway and subsequently rolled over.

24.     The loss of control was caused by the negligent maintenance, repairs, and inspections performed by the Fred Beans Defendants as discussed more thoroughly below.

7

25.     During the rollover sequence, design and manufacturing defects in the subject vehicle's restraint system (as discussed more thoroughly below) caused Francis Amagasu injuriously becoming partially ejected and/or interacting with the roof and/or other vehicle structures.

26.     As a result, Francis Amagasu suffered catastrophic injuries resulting in quadriplegia, paralysis, an inability to care for himself, as well as significant and ongoing conscious pain and suffering.

27.     As a result of the subject incident, the defective condition of the subject vehicle, and the negligent conduct of all the party-defendants, Francis Amagasu has sustained serious and permanent injuries, including but not limited to quadriplegia, necessitating surgeries as well as likely future surgeries, and significant conscious pain and suffering, as well as anxiety and other physiological, psychological and functional disturbances, the full extent of which injuries, conditions and disturbances are not yet known, and some or all of which may be permanent in nature.

28.     As a result of the subject incident, the defective condition of the subject vehicle, and the negligent conduct of all the party-defendants, Francis Amagasu has suffered and may continue in the future to suffer loss of earnings and/or earning capacity; he has required and may in the future continue to require medical care (including but not limited to psychiatric and psychological care), surgical care and hospital care, and has incurred and may in the future continue to incur expenses for medicines, hospital and medical care to attend to, treat and attempt to alleviate, minimize and/or cure his conditions.

8

29.     As a result of the subject incident, the defective condition of the subject vehicle, and the negligent conduct of all the party-defendants, Francis Amagasu has suffered injuries which have precluded him and may in the future continue to preclude him from enjoying the ordinary pleasures of life and participating in his ordinary activities and obligations; further he has suffered and may in the future continue to suffer pain, mental anguish, loss of "well-being" and other such intangible losses.

30.     Furthermore, Plaintiff Soomi Amagasu, who is Plaintiff Francis Amagasu's power of attorney (and also his spouse) pursues all claims against all party-defendants for out of pocket expenses related to the considerable sums that she has spent caring for her beloved husband.

31.     Additionally, Plaintiff Soomi Amagasu seeks relief against all of the party-defendants for the significant loss of consortium, love, affection, companionship, service, guidance, tutelage, comfort, and care of her husband.

## COUNT I

## STRICT LIABILITY AGAINST THE MITSUBISHI DEFENDANTS

32.     Plaintiffs incorporate by reference all of the above Paragraphs as if set forth fully herein.

33.     The Mitsubishi Defendants are in the business of manufacturing, designing, testing, assembling, marketing and selling 1992 Mitsubishi 3000 GTs, including the vehicle that is the subject of this lawsuit.

34.     The subject vehicle was defective and unreasonably dangerous to the ultimate users, operators or consumers, including Francis Amagasu, pursuant to both a risk-benefit analysis

9

and a consumer expectation analysis, when it was designed, manufactured, tested, assembled, marketed, distributed, and sold by the Mitsubishi Defendants for reasons including but not limited to the following:

(a)     **The subject vehicle was defective and unreasonably dangerous because it was neither designed, manufactured, tested, assembled, marketed, distributed, and/or sold with a roof and related vehicle structures that were adequately strong and would prevent, resist, and/or protect against significant crush and intrusion into the occupant survival space during an accident and/or rollover, including the subject incident;**

(b)     **The subject vehicle was defective and unreasonably dangerous because it was neither designed, manufactured, tested, assembled, marketed, distributed, and/or sold with a proper restraint system with a safe seatbelt that would adequately protect and/or restrain its occupants (including preventing partial ejection and/or impact with the roof and other vehicle structures), during an accident and/or rollover, including the subject incident;**

(c)     **The subject vehicle was defective and unreasonably dangerous because it was neither designed, manufactured, tested, assembled, marketed, distributed, and/or sold with a proper restraint system that would limit excessive head and/or body excursion and/or partial ejection of its occupants during an accident and/or rollover, including the subject incident;**

(d)     **The subject vehicle was defective and unreasonably dangerous because it was neither designed, manufactured, tested, assembled, marketed, distributed, and/or sold in a way that could withstand ordinary and foreseeable damage, including but not limited to damage to its roof and related vehicle structures, during an accident and/or rollover, including the subject incident;**

(e)     **The subject vehicle was defective and unreasonably dangerous because it was neither designed, manufactured, tested, assembled, marketed, distributed, and/or sold in a way that would adequately protect the vehicle's occupants during an accident and/or rollover, including the subject incident including, but not limited to occupants sitting in the driver's seat;**

(f)     **The subject vehicle was defective and unreasonably dangerous because it was neither designed, manufactured, tested, assembled,**

10

marketed, distributed, and/or sold with seats that could withstand ordinary and foreseeable damage during an accident or rollover, including but not limited to the subject incident;

(g) The subject vehicle was defective and unreasonably dangerous because it was neither designed, manufactured, tested, assembled, marketed, distributed, and/or sold without a steering system that would reasonably and safely respond to driver's steering inputs;

(h) The subject vehicle was defective and unreasonably dangerous because the vehicle failed to meet all applicable and reasonable safety standards including but not limited to internal standards and federal motor vehicle safety standards and other reasonable standards;

(i) The subject vehicle was generally defective and unreasonably dangerous in its design, manufacture, testing, assembly, marketing, distribution, and or sale because it failed to provide adequate protection when being operated as advertised and marketed and was furnished without adequate warnings; and

(j) The subject vehicle was defective and unreasonably dangerous due to the inadequacy or absence of warning stickers, placards, or any proper documentation, or notice to alert users regarding the hazardous conditions, as stated above, including the lack of any adequate warnings sent to Plaintiffs despite the Mitsubishi Defendants being aware that the vehicle was registered to a Pennsylvania resident.

35.    On or about November 11, 2017, the subject vehicle and all of its relevant component parts were substantially unchanged from its condition, when sold and distributed by the Mitsubishi Defendants with the exception of the repair and maintenance work performed by the Fred Beans Defendants.

36.    For the reasons set forth above, the subject vehicle was unreasonably dangerous to foreseeable users and occupants, including Francis Amagasu who was reasonably restrained and was utilizing the vehicle in an ordinary and foreseeable manner.

37.    The defect(s) described above directly and proximately caused Francis

11

Amagasu's catastrophic personal injuries, in that it or they directly and in natural and continuous sequence produced, contributed substantially or enhanced Francis Amagasu's injuries.

38.     The actions of the Mitsubishi Defendants, as set forth above, constitute willful and wanton misconduct in disregard of the rights and safety of Francis Amagasu and other Pennsylvania residents and drivers, and warrant the imposition of punitive damages against the Mitsubishi Defendants.

WHEREFORE, Plaintiffs demand judgment against the Mitsubishi Defendants, jointly and severally, for compensatory damages, for punitive damages and for costs in excess of $50,000.00 and such other relief as this Court deems just and for a trial by jury on all issues so triable as a matter of right.

## COUNT II

## NEGLIGENCE AGAINST THE MITSUBISHI DEFENDANTS

39.     Plaintiffs incorporate by reference all of the above Paragraphs as if set forth fully herein.

40.     The Mitsubishi Defendants knew or in the exercise of due care should have known that the subject vehicle would be used without inspection by Plaintiffs and Plaintiff Francis Amagasu in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to the occupants of the subject vehicle, including Plaintiff Francis Amagasu.

41.     The Mitsubishi Defendants were under a duty to properly and adequately design, manufacture, assemble, test, inspect, label, provide adequate warnings for, package, distribute and/or sell the subject vehicle in a reasonably safe condition so as not to present a danger to

12

members of the general public, including Francis Amagasu who reasonably and expectedly under ordinary circumstances would come into contact with the vehicle.

42.     The Mitsubishi Defendants breached their duty by negligently designing, manufacturing, assembling, testing, inspecting, labeling, packaging, failing to warn, marketing, distributing and/or selling the subject vehicle when it was not in a reasonably safe condition for foreseeable use for reasons including, but not limited to the following:

      **(a)**    **Failing to design, manufacture, test, assemble, market, distribute, and/or sell the subject vehicle with a roof and related vehicle structures that were adequately strong and would prevent, resist, and/or protect against significant crush and intrusion into the occupant survival space during an accident and/or rollover, including the subject incident;**

      **(b)**    **Failing to design, manufacture, test, assemble, market, distribute, and/or sell the subject vehicle with a proper restraint system that would adequately protect and/or restrain its occupants (including preventing partial ejection and/or impact with the roof and other vehicle structures), during an accident and/or rollover, including the subject incident;**

      **(c)**    **Failing to design, manufacture, test, assemble, market, distribute, and/or sell the subject vehicle with a proper restraint system that would limit excessive head and/or body excursion and/or partial ejection of its occupants during an accident and/or rollover, including the subject incident;**

      **(d)**    **Failing to design, manufacture, test, assemble, market, distribute, and/or sell the subject vehicle in a way that could withstand ordinary and foreseeable damage, including but not limited to damage to its roof and related vehicle structures, during an accident and/or rollover, including the subject incident;**

      **(e)**    **Failing to design, manufacture, test, assemble, market, distribute, and/or sell the subject vehicle in a way that would adequately protect the vehicle's occupants during an accident and/or rollover, including the subject incident including, but not limited to occupants sitting in the driver's seat;**

      **(f)**    **Failing to design, manufacture, test, assemble, market, distribute,**

13

> and/or sell the subject vehicle with seats that could withstand
> ordinary and foreseeable damage during an accident or rollover,
> including but not limited to the subject incident;
>
> **(g)** **Failing to design, manufacture, test, assemble, market, distribute,
> and/or sell the subject vehicle with a steering system that would
> reasonably and safely respond to driver's steering inputs;**
>
> **(h)** **Failing to design, manufacture, test, assemble, market, distribute,
> and/or sell the subject vehicle in a way that met all applicable and
> reasonable safety standards including but not limited to internal
> standards and federal motor vehicle safety standards and other
> reasonable standards;**
>
> **(i)** **Failing to design, manufacture, test, assemble, market, distribute,
> and/or sell the subject vehicle in a way that provided adequate
> protection when being operated as advertised and marketed and
> likewise failing to design, manufacture, test, assemble, market,
> distribute, and/or sell the subject vehicle with adequate warnings; and**
>
> **(j)** **Failing to design, manufacture, test, assemble, market, distribute,
> and/or sell the subject vehicle with adequate warning stickers,
> placards, or any proper documentation, or notice to alert users
> regarding the hazardous conditions, as stated above, despite the
> Mitsubishi Defendants being aware that the vehicle was registered to
> a Pennsylvania resident.**

43.     The negligence described above directly and proximately caused Francis

Amagasu's catastrophic injuries, in that it or they directly and in natural and continuous sequence

produced, contributed substantially or enhanced Francis Amagasu's injuries.

44.     The actions of the Mitsubishi Defendants as set forth above constitute willful and

wanton misconduct in disregard of the rights and safety of Francis Amagasu and other

Pennsylvania residents and drivers, and warrant the imposition of punitive damages against the

Mitsubishi Defendants.

WHEREFORE, Plaintiffs demand judgment against the Mitsubishi Defendants jointly

and severally, for compensatory damages, for punitive damages and for costs in excess of

14

$50,000.00 and such other relief as this Court deems just and for a trial by jury on all issues so triable as a matter of right.

## COUNT III

### NEGLIGENCE AGAINST THE FRED BEANS DEFENDANTS

45.    Plaintiffs incorporate by reference all of the above Paragraphs as if set forth fully herein.

46.    The Fred Beans Defendants, which maintained, inspected, serviced, repaired, and/or released the subject vehicle prior to the crash, were under a duty to properly and adequately maintain, inspect, service, repair, provide adequate warnings for, and release the subject vehicle in a reasonably safe condition so as not to present a danger to members of the general public who reasonably and expectedly under ordinary circumstances would come into contact with the subject vehicle.

47.    The Fred Beans Defendants breached their duties by negligently maintaining, inspecting, servicing, repairing, providing adequate warnings for, and releasing the subject vehicle when it was not in a reasonably safe condition for foreseeable use, for reasons including but not limited to the following:

> (a)    **Failing to properly maintain, inspect, service, repair, provide adequate warnings for, and release the subject vehicle in a manner that caused it to have a proper alignment;**
>
> (b)    **Failing to properly maintain, inspect, service, repair, provide adequate warnings for, and release the subject vehicle in a manner that would allow it to be steered properly during foreseeable driving conditions;**
>
> (c)    **Failing to properly maintain, inspect, service, repair, provide adequate warnings for, and release the subject vehicle in a way that would allow**

15

the subject vehicle to safe in terms of the vehicle's handling, braking, cornering, and steering during foreseeable driving conditions;

(d)     Failing to properly and adequately repair, service, maintain, inspect and/or release the subject vehicle in a way that met all applicable and reasonable safety standards including but not limited to internal standards and industry standards and other reasonable standards;

(e)     Failing to properly and adequately repair, service, maintain, inspect and/or release the subject vehicle in a way that provided adequate protection to occupants when being operated as advertised and marketed and releasing the subject vehicle without adequate warnings;

(f)     Failing to properly and adequately repair, service, maintain, inspect and/or release the subject vehicle with adequate warning stickers, placards, or any proper documentation, or notice to alert users, regarding the hazardous conditions, as stated above;

(g)     Failing to employ only reasonable and competent employees and agents, including but not limited to all individuals responsible for performing testing, inspections, service, repairs and/or maintenance on the subject vehicle;

(h)     Failing to properly train all employees and agents, including but not limited to all individuals responsible for performing testing, inspections, repairs, service, and/or maintenance on the subject vehicle;

(i)     Failing to properly supervise all employees and agents, including but not limited to individuals responsible for performing testing, inspections, repairs, service, and/or maintenance on the subject vehicle;

(j)     Failing to properly inspect all repairs, services, and maintenance performed by the employees and agents on the subject vehicle; and

(k)     Failing to properly test the subject vehicle after all repairs, services, and/or maintenance was performed by the employees and agents on the subject vehicle.

48.     The negligence described above directly and proximately caused Francis Amagasu's catastrophic injuries, in that it or they directly and in natural and continuous sequence produced, contributed substantially or enhanced Francis Amagasu's injuries.

16

WHEREFORE, Plaintiffs demand judgment against the Fred Beans Defendants, jointly and severally, for compensatory damages and for costs in excess of $50,000.00 and such other relief as this Court deems just and for a trial by jury on all issues so triable as a matter of right.

## COUNT IV

## LOSS OF CONSORTIUM AGAINST ALL PARTY DEFENDANTS

49.     Plaintiffs incorporate by reference all of the above Paragraphs as if set forth fully herein.

50.     At all times material herein, Soomi Amagasu has been the spouse of Francis Amagasu.

51.     As a result of the aforesaid conduct of the party-defendants and the ensuing catastrophic injuries to Francis Amagasu, Soomi Amagasu has in the past been deprived and may in the future continue to be deprived of the love, affection, companionship, service and consortium of her spouse.

52.     Accordingly, Soomi Amagasu seeks, from all party-defendants, all recognized and recoverable loss of consortium damages in her capacity as Francis Amagasu's spouse.

WHEREFORE, Plaintiff Soomi Amagasu demands judgment against Defendants, jointly and severally, for compensatory damages, and for costs in excess of $50,000.00 and such other relief as this Court deems just and for a trial by jury on all issues so triable as a matter of right.

17

Respectfully submitted,

**EISENBERG, ROTHWEILER, WINKLER, EISENBERG & JECK, P.C.**

BY:

DANIEL J. SHERRY JR., ESQUIRE
NANCY J. WINKLER, ESQUIRE
STEWART J. EISENBERG., ESQUIRE
Attorneys for Plaintiffs

DATE: June 5, 2019

18

## **VERIFICATION**

I, Daniel J. Sherry Jr., attorney for the Plaintiffs herein, hereby verify that the facts set forth in the foregoing Fourth Amended Complaint are true and correct to the best of my knowledge, information and belief, and this statement is made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Daniel J. Sherry Jr., Esquire

DATE: June 5, 2019

## CERTIFICATE OF SERVICE

I, Daniel J. Sherry, Jr., Esquire, attorney for the within named plaintiffs, hereby certify

and state that a true and correct copy of the within Fourth Amended Complaint was served via

email upon all counsel of record.

EISENBERG, ROTHWEILER,
WINKLER, EISENBERG & JECK, P.C.

BY: _____

LINDA SCHMITT,
Legal Assistant to
DANIEL J. SHERRY, JR., ESQUIRE
Attorney for Plaintiffs

DATE: June 5, 2019

# Exhibit B

| SOOMI AMAGASU, both Individually and as Spouse and Power of Attorney for FRANCIS AMAGASU | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
|---|---|
| Plaintiffs | NOVEMBER TERM, 2018 No.:   02406 |
| v. | |
| FRED BEANS FAMILY OF DEALERSHIPS, FRED BEANS FORD, INC., FRED BEANS FORD, INC. d/b/a FRED BEANS FAMILY OF DEALERSHIPS, FRED BEANS KIA OF LIMERICK, FRED BEANS MOTORS OF LIMERICK, INC., FRED BEANS MOTORS OF LIMERICK, INC. d/b/a FRED BEANS KIA OF LIMERICK, MITSUBISHI MOTORS NORTH AMERICA, INC., MITSUBISHI MOTORS CORPORATION | **JURY TRIAL DEMANDED** |
| Defendants. | |

### AFFIDAVIT OF HIDEKI EBATA IN SUPPORT OF DEFENDANT MITSUBISHI MOTORS CORPORATION'S PRELIMINARY OBJECTIONS TO PLAINTIFF'S SECOND AMENDED COMPLAINT

I, HIDEKI EBATA, declare under penalty of perjury that the following statements are true and correct to the best of my knowledge and belief:

1.      I am employed by Mitsubishi Motors Corporation ("MMC") as a General Manager in the Legal Department.  I have personal knowledge of the matters set forth herein, and if called upon to do so, I could and would competently swear thereto.

2.      I have read Plaintiff's Complaint and Second Amended Complaint filed in this Court.

3.      MMC is a foreign corporation headquartered in Minato-Ku, Tokyo, Japan. MMC's principal place of business is in Japan.  MMC is publicly traded on the Tokyo Stock Exchange. MMC's offices and financial and human resources, and corporate records are maintained in Japan.

4.      I understand the vehicle at issue in this case is a U.S. bound 1992 Mitsubishi 3000 GT. MMC designed, developed, tested, and assembled the U.S. bound 1992 Mitsubishi 3000 GT in Japan.

5.      MMC did not sell the subject 3000 GT in Pennsylvania or receive payment for the subject 3000 GT in Pennsylvania. MMC did not sell the subject 3000 GT directly to Plaintiff.

6.      MMC exported/sold the subject 3000 GT to Mitsubishi Motors North America, Inc. ("MMNA") and shipped the vehicle to the Tacoma, Washington port of entry in approximately January 1992.

7.      Upon information and belief, MMNA sold the subject 3000 GT to an independently owned dealership in Seattle, Washington. MMC was not involved in this transaction or any subsequent transaction involving the subject 3000 GT.

8.      MMC was not involved in the transfer of the subject 3000 GT to Pennsylvania.

9.      MMC is not registered to conduct business in Pennsylvania and has no registered agent for service of process in Pennsylvania. It has no offices, manufacturing facilities, or other permanent locations in the state of Pennsylvania.

10.     MMC does not market, distribute, or sell Mitsubishi vehicles, including the subject 3000 GT, to dealers or the general public in the United States, including the Commonwealth of Pennsylvania.

I declare under penalty of perjury that the foregoing is true and correct.

2

_____

HIDEKI EBATA

Sworn and subscribed to me,

This _12th_ day of April, 2019:

_____

Notary Public   **HIDEKI NIIKURA**

My commission expires_____N / A_____.

TOKYO LEGAL AFFAIRS BUREAU
NOTARY
NO19-14, 3CHOME, NISHI-SHIMBASHI
MINATO-KU, TOKYO. JAPAN

3

**Registered   No. 29**   *of*   **2019**

## NOTARIAL CERTIFICATE

On this 12th day of April, 2019, before me, Hideki Niikura, a notary in and for Tokyo Legal Affairs Bureau, personally appeared HIDEKI EBATA, General Manager, Legal Department of MITSUBISHI MOTORS CORPORATION, with satisfactory evidence of his indentification, swore before me, in accordance with the legal procedure, that the statement in the attached document is truthful, and affixed his signature to the attached document.

Witness, I set my hand and seal



**Hideki   Niikura**

Notary, Shiba Notary's Office

Tokyo Legal Affairs Bureau

19-14,  3-chome,  Nishishimbashi

Minato-ku, Tokyo, Japan.

平成31年登簿第　29　号　　　宣誓認証

## 認　　証

三菱自動車工業株式会社

　法務部　担当部長　江畠秀樹（HIDEKI　EBATA）
は、法定の手続に従って、本公証人の面前で、この証書の記載が真実であることを宣誓した上、これに署名した。

よって、これを認証する。
　平成31年　4　月12　日、本公証人役場において
　東京都港区西新橋三丁目19番14号
　　　東　京　法　務　局　所　属
　　　　　公　証　人 
　　　　　Notary
　　　　　　　　　　Hideki　NIIKURA

## 証　　明

　上記署名は、東京法務局所属公証人の署名に相違ないものであり、かつ、その押印は、真実のものであることを証明する。

　平成31年　4　月12　日

　東　京　法　務　局　長　　　岩　山　伸　二

---

### APOSTILLE
(Convention de La Haye du 5 octobre 1961)

1. Country:　JAPAN

　　This public document

2. has been signed by　　　Hideki　NIIKURA

3. acting in the capacity of Notary of the Tokyo Legal Affairs Bureau

4. bears the seal/stamp of　　　Hideki　NIIKURA,　Notary

　　　　　　　　　　　　Certified

5. at Tokyo　　　　　　6.　　April 12, 2019

7. by the Ministry of Foreign Affairs

8. 19 № 011229

9. Seal/stamp:　　　　　　10. Signature



T. TANAKA

Toshie TANAKA
For the Minister for Foreign Affairs

# Exhibit C

**CAMPBELL CONROY O'NEIL, P.C.**
BY:    William J. Conroy, Esquire
         Emily J. Rogers, Esquire
Attorney I.D. Nos.: 36433/309033
1205 Westlakes Drive, Suite 330
Berwyn, PA 19312
(610) 964-1900
*Attorneys for Defendant,*
*Mitsubishi Motors North America, Inc.*

| SOOMI AMAGASU, both Individually and as Spouse and Power of Attorney for FRANCIS AMAGASU | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
|---|---|
| Plaintiffs | NOVEMBER TERM, 2018 No.:    02406 |
| v. | |
| FRED BEANS FAMILY OF DEALERSHIPS, FRED BEANS FORD, INC., FRED BEANS FORD, INC. d/b/a FRED BEANS FAMILY OF DEALERSHIPS, FRED BEANS KIA OF LIMERICK, FRED BEANS MOTORS OF LIMERICK, INC., FRED BEANS MOTORS OF LIMERICK, INC. d/b/a FRED BEANS KIA OF LIMERICK, MITSUBISHI MOTORS NORTH AMERICA, INC., MITSUBISHI MOTORS CORPORATION | **JURY TRIAL DEMANDED** |
| Defendants. | |

## AFFIDAVIT OF JORGEN WETERRINGS IN SUPPORT OF DEFENDANT MITSUBISHI MOTORS NORTH AMERICA, INC.'S PRELIMINARY OBJECTIONS TO PLAINTIFF'S COMPLAINT

STATE OF CALIFORNIA
COUNTY OF ORANGE
        BEFORE ME, the undersigned authority, on this day personally appeared Jorgen

Weterrings, who on his oath deposed and stated as follows:

        1.      My name is Jorgen Weterrings. I am over the age of 18 and competent to make this

affidavit.

2.     I am currently employed as the Assistant General Counsel and Director of Legal Affairs – Products for Mitsubishi Motors North America, Inc. ("MMNA"). I have worked at MMNA for over 16 years. I have personal knowledge of the facts set forth in this affidavit based on my position with the company, my review of corporate records, and consultation with other employees. The facts in this affidavit are true and correct.

3.     I have read Plaintiff's Complaint filed in this Court.

4.     MMNA is a corporation, incorporated under the laws of the state of California, and has its principal place of business in the state of California.

5.     MMNA has never been incorporated under the laws of the state of Pennsylvania.

6.     MMNA is not a resident of the state of Pennsylvania, and has never been a resident of the state of Pennsylvania. It is not and has never been located in the state of Pennsylvania.

7.     MMNA is registered to conduct business in the state of Pennsylvania, but it has no offices, facilities, or other permanent locations in the state of Pennsylvania.

8.     By virtue of my position, I am familiar with the general marketing and sale of the 1992 Mitsubishi 3000 GT. I am also knowledgeable as to the sale of the 1992 Mitsubishi 3000 GT that is the subject of this litigation (hereinafter, "subject 3000 GT").

9.     MMNA distributes automotive vehicles, such as the subject 3000 GT, in the United States.

10.    MMNA did not design, manufacture, test, or assemble the subject U.S. bound Mitsubishi 3000 GT.

11.    Upon information and belief, Mitsubishi Motors Corporation designed, manufactured, tested and assembled the subject 3000 GT in Japan.

2

12.    MMNA received the vehicle from Mitsubishi Motors Corporation and sold the subject 3000 GT to an independently owned dealership in Seattle, Washington. MMNA received payment for the subject vehicle in the state of California.

13.    MMNA did not sell the subject 3000 GT in Pennsylvania.

14.    MMNA did not sell the subject 3000 GT directly to Plaintiff.

15.    MMNA had no involvement in the subject 3000 GT's transfer to Pennsylvania.

16.    MMNA does not design, manufacture, test, or assemble any goods in the state of Pennsylvania.

17.    MMNA does not directly sell any goods or services to consumers in the state of Pennsylvania.

Further affiant sayeth not.

_____

AFFIANT

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 15th day of January , 2019

_____

CLAUDIA SAHAGUN
Notary Public - California
Orange County
Commission # 2229480
My Comm. Expires Jan 26, 2022

NOTARY PUBLIC IN AND FOR  C A

COUNTY OF Orange

3

Exhibit D

*William J. Ferren & Associates*
*Attorneys At Law*
*P.O. Box 2903*
*Hartford, CT 06104*
*Phone (267)675-3017*
*Fax (267) 675-3036*

*Brendan M. Howton, Attorney at Law*
*Direct Dial: (267) 675-3028*
*Email: bhowton@travelers.com*

June 24, 2019

Stewart J. Eisenberg, Esquire
Nancy J. Winkler, Esquire
Daniel J. Sherry, Jr., Esquire
Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C.
1634 Spruce Street
Philadelphia, PA 19103

> **RE:** **Soomi Amagasu, et. al. v. Fred Beans Family of Dealerships, et al.**
> **CCP, Philadelphia County – No: 181102406**
> **Claim Number: FDG4961**
> **Our File Number: 2018132951**

Dear Counsel:

Enclosed please find Defendants, Fred Beans Family of Dealerships, Fred Beans Ford, Inc., Fred Beans Ford, Inc. d/b/a Fred Beans Family of Dealerships, Fred Beans of Kia of Limerick, Fred Beans Motors of Limerick, Inc and Fred Beans Motors of Limerick, Inc. d/b/a Fred Beans Kia of Limerick's Answer to Plaintiffs' Fourth Amended Complaint with New Matter and New Matter Cross Claim regarding the above-referenced matter.

Thank you for your attention to this.

Very truly yours,

*/s/ Brendan M. Howton*

Brendan M. Howton

BMH/bmh
Enclosure
cc:    William J. Conroy, Esquire / Emily J. Rogers, Esquire

*Not a Partnership or Professional Corporation*
*All attorneys are Employees of The Travelers Indemnity Company*
*And its Property Casualty Affiliates*

FILED

2019 JUN 24  PM 12: 30

OFFICE OF JUDICIAL RECO
FIRST JUDICIAL DISTRICT OF

**NOTICE TO PLEAD**
**TO: PLAINTIFFS / CO-DEFENDANTS**
**YOU ARE HEREBY NOTIFIED TO PLEAD THE**
**ENCLOSED ANSWER WITH NEW MATTER AND NEW**
**MATTER CROSS CLAIM WITHIN TWENTY (20) DAYS**
**FROM THE SERVICE HERETO OR JUDGMENT MAY BE**
**ENTERED AGAINST YOU.**

**BRENDAN M. HOWTON, ESQUIRE**

**WILLIAM J. FERREN & ASSOCIATES**
BY:     Brendan M. Howton, Esquire
          ID#: 209500
P.O. Box 2903
Hartford, CT 06104
267-675-3028

Attorney for Defendants,
Fred Beans Family of Dealerships,
Fred Beans Ford, Inc., Fred Beans Ford, Inc.
d/b/a Fred Beans Family of Dealerships,
Fred Beans Kia of Limerick, Fred
Beans Motors of Limerick, Inc. and
Fred Beans Motors of Limerick, Inc. d/b/a
Fred Beans Kia of Limerick

| | |
|---|---|
| SOOMI AMAGASU, both Individually and as Spouse and Power of Attorney for FRANCIS AMAGASU | : PHILADELPHIA COUNTY<br>: COURT OF COMMON PLEAS<br>:<br>: |
| v. | :<br>: |
| FRED BEANS FAMILY OF DEALERSHIPS, FRED BEANS FORD, INC., FRED BEANS FORD, INC. d/b/a FRED BEANS FAMILY OF DEALERSHIPS, FRED BEANS KIA OF LIMERICK, FRED BEANS MOTORS OF LIMERICK, INC., FRED BEANS MOTORS OF LIMERICK, INC. d/b/a FRED BEANS KIA OF LIMERICK, MITSUBISHI MOTORS NORTH AMERICA, INC., MITSUBISHI MOTORS CORPORATION | : NOVEMBER TERM, 2018<br>: NO.: 02406<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANTS, FRED BEANS FAMILY OF DEALERSHIPS, FRED BEANS FORD, INC., FRED BEANS FORD, INC. D/B/A FRED BEANS FAMILY OF DEALERSHIPS, FRED BEANS KIA OF LIMERICK, FRED BEANS MOTORS OF LIMERICK, INC. AND FRED BEANS MOTORS OF LIMERICK, INC. D/B/A FRED BEANS KIA OF LIMERICK'S ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT WITH NEW MATTER AND NEW MATTER CROSS CLAIM**

Defendants, Fred Beans Family of Dealerships, Fred Beans Ford, Inc., Fred Beans Ford, Inc. d/b/a Fred Beans Family of Dealerships, Fred Beans Kia of Limerick, Fred Beans Motors of Limerick, Inc. and Fred Beans Motors of Limerick, Inc. d/b/a Fred Beans Kia of Limerick (hereinafter "Answering Defendants"), by and through their attorneys, William J. Ferren & Associates, file their Answer to Plaintiffs' Fourth Amended Complaint with New Matter and New Matter Cross Claim and, in support thereof, aver as follows:

## INTRODUCTORY ALLEGATIONS

1.      Denied.  The averments contained in this paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required.  They are therefore denied and strict proof is demanded at time of trial.

2.      Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Fourth Amended Complaint.  They are therefore denied and strict proof is demanded at time of trial.

3.      Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Fourth Amended Complaint.  They are therefore denied and strict proof is demanded at time of trial.

4.      Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Fourth Amended Complaint.  They are therefore denied and strict proof is demanded at time of trial.  By way of further answer, the averments of this paragraph contain conclusions of law which are denied pursuant to Pa.R.Civ.P. 1029(e).

5.     Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Fourth Amended Complaint. They are therefore denied and strict proof is demanded at time of trial.

6.     Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Fourth Amended Complaint. They are therefore denied and strict proof is demanded at time of trial. By way of further answer, the averments of this paragraph contain conclusions of law which are denied pursuant to Pa.R.Civ.P. 1029(e).

7.     Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Fourth Amended Complaint. They are therefore denied and strict proof is demanded at time of trial.

8.     Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Fourth Amended Complaint. They are therefore denied and strict proof is demanded at time of trial.

9-10.   Denied. The averments contained in these paragraphs of Plaintiffs' Fourth Amended Complaint are directed to parties other than Answering Defendants and therefore, no response is required. To the extent a response is deemed required, Answering Defendants deny the averments in these paragraphs of Plaintiffs' Fourth Amended Complaint as they contain conclusions of law to which no responsive pleading is required under the Pennsylvania Rules of Civil Procedure pursuant to Pa.R.Civ.P. 1029(e).

11.    Denied. The averments contained in this paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at time of trial. By way of further answer, Fred Beans Family of Dealerships is a Pennsylvania fictitious name with a registered address of 3960 Airport Boulevard, Doylestown, Pennsylvania 18901 and a "doing business as" designation for Fred Beans Ford, Inc. Fred Beans Ford, Inc. is a Pennsylvania corporation with a principal place of business located at 876 N. Easton Road, Doylestown, PA 18902. Fred Beans Kia of Limerick is a cancelled Pennsylvania fictitious name with a former address of 22 Auto Park Blvd., Limerick, PA 19468. Fred Beans Motors of Limerick, Inc. is a Pennsylvania corporation with a registered address of 611 North & Sawmill Road, Doylestown, PA 18901 and formerly did business as Fred Beans Kia of Limerick.

12.    Denied. The averments contained in this paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at time of trial.

13.    Denied. The averments contained in this paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at time of trial.

14.    Denied. The averments contained in this paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at time of trial.

15.    Denied. Plaintiff fails to identify any employees, actual agents and/or ostensible agents in the averments of this paragraph making said averments too vague in order for Answering Defendants to formulate a response. They are therefore denied in that after

reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Fourth Amended Complaint. They are therefore denied and strict proof is demanded at time of trial. By way of further answer, the averments of this paragraph contain conclusions of law which are denied pursuant to Pa.R.Civ.P. 1029(e).

## THE PRODUCTS

16.     Answering Defendants incorporate by reference their Answers to paragraphs 1 through 15 as though fully set forth at length herein.

17.     Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Fourth Amended Complaint. They are therefore denied and strict proof is demanded at time of trial.

18.     Denied. The averments contained in this paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at time of trial.

## THE INCIDENT

19.     Answering Defendants incorporate by reference their Answers to paragraphs 1 through 18 as though fully set forth at length herein.

20.     Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Fourth Amended Complaint. They are therefore denied and strict proof is demanded at time of trial.

21.     Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Fourth Amended Complaint. They are therefore denied and strict proof is demanded at time of trial.

22.     Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Fourth Amended Complaint. They are therefore denied and strict proof is demanded at time of trial.

23.     Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Fourth Amended Complaint. They are therefore denied and strict proof is demanded at time of trial.

24.     Denied. The averments contained in this paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at time of trial. By way of further answer, Answering Defendants specifically deny that they were negligent and demand strict proof thereof.

25.     Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Fourth Amended Complaint. They are therefore denied and strict proof is demanded at time of trial. By way of further answer, the averments of this paragraph contain conclusions of law which are denied pursuant to Pa.R.Civ.P. 1029(e).

26.     Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in

this paragraph of the Fourth Amended Complaint. They are therefore denied and strict proof is demanded at time of trial.

27.    Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Fourth Amended Complaint. They are therefore denied and strict proof is demanded at time of trial. By way of further answer, the averments of this paragraph contain conclusions of law which are denied pursuant to Pa.R.Civ.P. 1029(e). Moreover, Answering Defendants specifically deny that they were negligent and demand strict proof thereof.

28.    Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Fourth Amended Complaint. They are therefore denied and strict proof is demanded at time of trial. By way of further answer, the averments of this paragraph contain conclusions of law which are denied pursuant to Pa.R.Civ.P. 1029(e). Moreover, Answering Defendants specifically deny that they were negligent and demand strict proof thereof.

29.    Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Fourth Amended Complaint. They are therefore denied and strict proof is demanded at time of trial. By way of further answer, the averments of this paragraph contain conclusions of law which are denied pursuant to Pa.R.Civ.P. 1029(e). Moreover, Answering Defendants specifically deny that they were negligent and demand strict proof thereof.

30.    Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Fourth Amended Complaint. They are therefore denied and strict proof is

demanded at time of trial. By way of further answer, the averments of this paragraph contain conclusions of law which are denied pursuant to Pa.R.Civ.P. 1029(e).

31.    Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Fourth Amended Complaint. They are therefore denied and strict proof is demanded at time of trial. By way of further answer, the averments of this paragraph contain conclusions of law which are denied pursuant to Pa.R.Civ.P. 1029(e).

## COUNT I

### STRICT LIABILITY AGAINST THE MITSUBISHI DEFENDANTS

32.    Answering Defendants incorporate by reference their Answers to paragraphs 1 through 31 as though fully set forth at length herein.

33-38. Denied. The averments contained in these paragraphs of Plaintiffs' Fourth Amended Complaint are directed to parties other than Answering Defendants and therefore, no response is required. To the extent a response is deemed required, Answering Defendants deny the averments in these paragraphs of Plaintiffs' Fourth Amended Complaint as they contain conclusions of law to which no responsive pleading is required under the Pennsylvania Rules of Civil Procedure pursuant to Pa.R.Civ.P. 1029(e).

**WHEREFORE,** Answering Defendants deny any and all liability to Plaintiffs and demand that Plaintiffs' Fourth Amended Complaint be dismissed and that judgment be entered in their favor and against Plaintiffs and all other parties.

## COUNT II

### NEGLIGENCE AGAINST THE MITSUBISHI DEFENDANTS

39.    Answering Defendants incorporate by reference their Answers to paragraphs 1 through 38 as though fully set forth at length herein.

40-44.  Denied.  The averments contained in these paragraphs of Plaintiffs' Fourth Amended Complaint are directed to parties other than Answering Defendants and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants deny the averments in these paragraphs of Plaintiffs' Fourth Amended Complaint as they contain conclusions of law to which no responsive pleading is required under the Pennsylvania Rules of Civil Procedure pursuant to Pa.R.Civ.P. 1029(e).

**WHEREFORE,** Answering Defendants deny any and all liability to Plaintiffs and demand that Plaintiffs' Fourth Amended Complaint be dismissed and that judgment be entered in their favor and against Plaintiffs and all other parties.

## COUNT III

### NEGLIGENCE AGAINST THE FRED BEANS DEFENDANTS

45.    Answering Defendants incorporate by reference their Answers to paragraphs 1 through 44 as though fully set forth at length herein.

46.    Denied.  The averments contained in this paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required.  They are therefore denied and strict proof is demanded at time of trial.

47.    Denied.  The averments contained in this paragraph and subparagraphs 47(a) through 47(k) of the Fourth Amended Complaint constitute conclusions of law to which no response is required.  They are therefore denied and strict proof is demanded at time of trial.  By

way of further answer, Answering Defendants specifically deny that they were negligent and demand strict proof thereof.

48.     Denied.  The averments contained in this paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required.  They are therefore denied and strict proof is demanded at time of trial.  By way of further answer, Answering Defendants specifically deny that they were negligent and demand strict proof thereof.

**WHEREFORE,** Answering Defendants deny any and all liability to Plaintiffs and demand that Plaintiffs' Fourth Amended Complaint be dismissed and that judgment be entered in their favor and against Plaintiffs and all other parties.

<u>**COUNT IV**</u>

**LOSS OF CONSORTIUM AGAINST ALL PARTY DEFENDANTS**

49.     Answering Defendants incorporate by reference their Answers to paragraphs 1 through 48 as though fully set forth at length herein.

50.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Fourth Amended Complaint.  They are therefore denied and strict proof is demanded at time of trial.

51.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Fourth Amended Complaint.  They are therefore denied and strict proof is demanded at time of trial.  By way of further answer, the averments of this paragraph contain conclusions of law which are denied pursuant to Pa.R.Civ.P. 1029(e).

52.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Fourth Amended Complaint.  They are therefore denied and strict proof is demanded at time of trial.  By way of further answer, the averments of this paragraph contain conclusions of law which are denied pursuant to Pa.R.Civ.P. 1029(e).

**WHEREFORE,** Answering Defendants deny any and all liability to Plaintiffs and demand that Plaintiffs' Fourth Amended Complaint be dismissed and that judgment be entered in their favor and against Plaintiffs and all other parties.

## NEW MATTER ADDRESSED TO PLAINTIFFS

53.     Answering Defendants incorporate by reference their Answers to paragraphs 1 through 51 as though fully set forth at length herein.

54.     Answering Defendants believe and aver that Plaintiffs have failed to set forth a cause of action against Answering Defendants upon which relief may be granted.

55.     Answering Defendants believe and aver that if the incident referred to in Plaintiffs' Fourth Amended Complaint occurred as alleged, which is specifically denied, then said incident occurred more than two years prior to the institution of litigation, and Plaintiffs' cause of action is barred by the applicable statute of limitations.

56.     Plaintiffs' cause of action is barred in whole or in part by virtue of the terms and provisions of the Pennsylvania Comparative Negligence Act, 42 Pa. C.S. § 7102.

57.     Plaintiffs' cause of action is barred by the Doctrine of Assumption of the Risk.

58.     Plaintiffs' cause of action is barred by the Doctrine of Contributory Negligence.

59.     Answering Defendants believe and aver that if the incident referred to in Plaintiffs' Fourth Amended Complaint occurred as alleged, which is specifically denied, then

said incident and all alleged damages resulting therefrom occurred solely and exclusively as a result of the actions and/or omissions of other persons, parties or entities over whom Answering Defendants had no control nor right of control and whose actions and/or omissions constitute intervening and/or superseding causes of liability.

60. Plaintiffs' cause of action is barred by the Doctrine of Release.

61. Plaintiffs' claims are barred by the Doctrine of Collateral Estoppel/ Res Judicata.

62. Plaintiffs' claims may be barred and/or limited by the applicable provisions of the Pennsylvania Fair Share Act.

63. The subject vehicle and all of its component parts were not designed, manufactured and/or tested by Answering Defendants.

64. The instrumentality and/or property which allegedly caused injury to Plaintiffs was owned, maintained, controlled and/or possessed by persons or entities over which Answering Defendants had no control or authority to control.

65. Plaintiffs' cause of action may be barred and/or limited by the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law. All rights, limitations and defenses of said law including the amendments therein are incorporated herewith and pled as new matter.

66. If Plaintiffs have incurred medical expenses, have sustained lost wages and out-of-pocket expenses and/or medical expenses, they may not be entitled to plead or claim recovery of these damages from Answering Defendants pursuant to the limitations of the Pennsylvania Motor Vehicle Financial Responsibility Law. All rights, limitations and defenses of said law including the amendments therein are incorporated herewith and pled as new matter.

67.     Plaintiffs are not eligible to seek compensation for non-economic loss, therefore, they have failed to state a claim for which recovery may be permitted pursuant to the Pennsylvania Motor Vehicle Financial Responsibility law and all applicable amendments.

68.     Plaintiffs' claims may be barred and/or limited due to lack of compliance with the Pennsylvania Motor Vehicle Financial Responsibility Law, including, but not limited to, the duty to have motor vehicle insurance.

69.     Plaintiffs' claim may be barred and/or limited by spoliation of evidence.

70.     Answering Defendants adopt all defenses raised by other Defendants in this matter except to the extent that such defenses would impose liability on Answering Defendants.

WHEREFORE, Answering Defendants deny any and all liability to Plaintiffs and demand that Plaintiffs' Fourth Amended Complaint be dismissed and that judgment be entered in their favor and against Plaintiffs and all other parties.

### NEW MATTER CROSS CLAIM PER PA. R. CIV. P. 1031.1 DIRECTED TO CO-DEFENDANTS, MITSUBISHI MOTORS NORTH AMERICA, INC. and MITSUBISHI MOTORS CORPORATION

72.     Answering Defendants incorporate by reference their Answers to paragraphs 1 through 71 and New Matter as though fully set forth at length herein.

73.     Answering Defendants incorporate herein all well pleaded facts in Plaintiffs' Fourth Amended Complaint without admission of same and assert them against all other Defendants.  Pursuant to the provisions of Pennsylvania Rule of Civil Procedure 1031.1, Answering Defendants hereby cross claim against Defendants, Mitsubishi Motors North America, Inc. and Mitsubishi Motors Corporation (hereinafter "Co-Defendants") and assert that should Plaintiffs prevail in their claims as set forth in their Fourth Amended Complaint against Answering Defendants, any liability on the part of the Answering Defendants being specifically

denied, it is averred that the damages were caused solely and exclusively by the negligence, carelessness, and/or other tortious conduct and misconduct engaged in by Co-Defendants and that they are solely and jointly liable to Plaintiffs for all sums awarded at the trial of these issues.

74.     If Plaintiff suffered any of the damages alleged in their Fourth Amended Complaint, which allegations are specifically denied by Answering Defendants, then those damages were caused by Co-Defendants and for which Answering Defendants claim complete indemnification and/or contribution.

75.     If it is judicially determined that there is any liability on the part of Answering Defendants, which Answering Defendants hereby expressly deny, then Co-Defendants are liable to Answering Defendants in indemnity and/or contribution for any amount which may be adjudged against Answering Defendants.

**WHEREFORE,** Answering Defendants demand that judgment be entered in their favor and against Defendants, Mitsubishi Motors North America, Inc. and Mitsubishi Motors Corporation.

**WILLIAM J. FERREN & ASSOCIATES**

BY:  _____
Brendan M. Howton, Esquire
Attorney for Defendants,
Fred Beans Family of Dealerships,
Fred Beans Ford, Inc., Fred Beans Ford, Inc.
d/b/a Fred Beans Family of Dealerships,
Fred Beans Kia of Limerick, Fred
Beans Motors of Limerick, Inc. and
Fred Beans Motors of Limerick, Inc. d/b/a
Fred Beans Kia of Limerick
ID#: 209500

## *VERIFICATION*

I, Rob Szpanka                    , do hereby verify that I am a representative of Fred

Beans Family of Dealerships, Fred Beans Ford, Inc., Fred Beans Ford, Inc. d/b/a Fred Beans

Family of Dealerships and Fred Beans Motors of Limerick, Inc. d/b/a Fred Beans Kia of

Limerick, named as Defendants. I hereby verify that I am authorized to sign this Verification,

and that the facts contained in the Defendants' Answer with New Matter and New Matter Cross

Claim to Plaintiffs' Fourth Amended Complaint are correct to the best of my knowledge,

information and belief. I understand that false statements are made subject to the penalties 18

Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.



WILLIAM J. FERREN & ASSOCIATES
BY:    Brendan M. Howton, Esquire
      ID#: 209500
P.O. Box 2903
Hartford, CT 06104
267-675-3028

Attorney for Defendants,
Fred Beans Family of Dealerships,
Fred Beans Ford, Inc., Fred Beans Ford, Inc.
d/b/a Fred Beans Family of Dealerships,
Fred Beans of Kia of Limerick, Fred
Beans Motors of Limerick, Inc and
Fred Beans Motors of Limerick, Inc. d/b/a
Fred Beans Kia of Limerick

---

SOOMI AMAGASU, both Individually and as
Spouse and Power of Attorney for FRANCIS
AMAGASU

      v.

FRED BEANS FAMILY OF DEALERSHIPS,
FRED BEANS FORD, INC., FRED BEANS
FORD, INC. d/b/a FRED BEANS FAMILY OF
DEALERSHIPS, FRED BEANS KIA OF
LIMERICK, FRED BEANS MOTORS OF
LIMERICK, INC., FRED BEANS MOTORS OF
LIMERICK, INC. d/b/a FRED BEANS KIA OF
LIMERICK, MITSUBISHI MOTORS NORTH
AMERICA, INC., MITSUBISHI MOTORS
CORPORATION

: PHILADELPHIA COUNTY
: COURT OF COMMON PLEAS
:
:
:
:
:
: NOVEMBER TERM, 2018
: NO.: 02406
:
:
:
:
:
:
:
:
:
:

---

## CERTIFICATE OF SERVICE

I, Brendan M. Howton, Esquire do hereby certify that the attached Answer to Fourth

Amended Complaint was filed with the Court on ⎓June 2 4 ⎓, 2019, and copies were sent

to all counsel of record via The Philadelphia E-Filing System and/or United States mail, postage

prepaid at their addresses below:

Stewart J. Eisenberg, Esquire
Nancy J. Winkler, Esquire
Daniel J. Sherry, Jr., Esquire
Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C.
1634 Spruce Street
Philadelphia, PA 19103

William J. Conroy, Esquire
Emily J. Rogers, Esquire
Campbell Conroy O'Neil, P.C.
1205 Westlakes Drive
Suite 330 Berwyn, PA 19312

**WILLIAM J. FERREN & ASSOCIATES**

BY:

Brendan M. Howton, Esquire
Attorney for Defendants,
Fred Beans Family of Dealerships,
Fred Beans Ford, Inc., Fred Beans Ford, Inc.
d/b/a Fred Beans Family of Dealerships,
Fred Beans of Kia of Limerick, Fred
Beans Motors of Limerick, Inc and
Fred Beans Motors of Limerick, Inc. d/b/a
Fred Beans Kia of Limerick
ID#: 209500

Exhibit E

WILLIAM J. FERREN & ASSOCIATES

| | |
|---|---|
| BY:   Brendan M. Howton, Esquire<br>        ID#: 209500<br>P.O. Box 2903<br>Hartford, CT 06104<br>267-675-3028 | Attorney for Defendants,<br>Fred Beans Family of Dealerships,<br>Fred Beans Ford, Inc., Fred Beans Ford, Inc.<br>d/b/a Fred Beans Family of Dealerships,<br>Fred Beans of Kia of Limerick, Fred<br>Beans Motors of Limerick, Inc. and<br>Fred Beans Motors of Limerick, Inc. d/b/a<br>Fred Beans Kia of Limerick |

| | |
|---|---|
| SOOMI AMAGASU, both Individually and as<br>Spouse and Power of Attorney for FRANCIS<br>AMAGASU | : PHILADELPHIA COUNTY<br>: COURT OF COMMON PLEAS<br>:<br>: |
| v. | :<br>: OCT TERM, 2014 |
| FRED BEANS FAMILY OF DEALERSHIPS,<br>FRED BEANS FORD, INC., FRED BEANS<br>FORD, INC. d/b/a FRED BEANS FAMILY OF<br>DEALERSHIPS, FRED BEANS KIA OF<br>LIMERICK, FRED BEANS MOTORS OF<br>LIMERICK, INC., FRED BEANS MOTORS OF<br>LIMERICK, INC. d/b/a FRED BEANS KIA OF<br>LIMERICK, MITSUBISHI MOTORS NORTH<br>AMERICA, INC., MITSUBISHI MOTORS<br>CORPORATION | : NO.: 02597<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## DEFENDANTS, FRED BEANS FAMILY OF DEALERSHIPS, FRED BEANS FORD, INC., FRED BEANS FORD, INC., D/B/A FRED BEANS FAMILY OF DEALERSHIPS, FRED BEAS OF KIA OF LIMERICK, FRED BEANS MOTORS OF LIMERICK, INC. AND FRED BEANS MOTORS OF LIMERICK, INC. D/B/A FRED BEANS KIA OF LIMERICK'S REQUESTS FOR PRODUCTION OF DOCUMENTS ADDRESSED TO PLAINTIFFS

Pursuant to the Pennsylvania Rules of Civil Procedure, Defendants, Fred Beans Family of

Dealerships, Fred Beans Ford, Inc., Fred Beans Ford, Inc. d/b/a Fred Beans Family of

Dealerships, Fred Beans of Kia of Limerick, Fred Beans Motors of Limerick, Inc. and Fred

Beans Motors of Limerick, Inc. d/b/a Fred Beans Kia of Limerick hereby request that Plaintiffs

produce the documents and/or items listed below for purposes of discovery. This material will

be examined and/or photocopied; photograph negatives will be processed and photographs

reproduced. Said documents or tangible things are to be produced at the offices of William J.

Ferren & Associates, 1500 Market Street, West Tower, Suite 2920, Philadelphia, PA 19102

within thirty (30) days from receipt of this request, and supplemented thereafter in accordance

with said Rules.

## Definitions

1.     "You" and "your" as used herein, shall refer to the Plaintiff(s) in the above-
captioned matter and shall include, unless otherwise indicated expressly or by context, their
predecessors in interest, agents, employees, contractors, servants, representatives and/or any
other person subject to their control. Neither "you" nor "your" however, shall be construed to
require you to produce any document or information that is not reasonably within your
possession, custody, or control.

2.     "Person," as used herein, shall refer to, without limitation, in the plural as well as
singular, all types of corporate persons and natural persons (i.e., individuals), as well as all types
of partnerships, incorporated and unincorporated associations, firms, joint ventures, or similar
entities, unless the context otherwise indicates.

3.     "Documents," as used herein, unless otherwise indicated by context, shall mean
originals and all copies, unless identical, of all forms of tangible expression, including without
limitation, any written, printed, recorded, pictorial, graphic or photographic material, however
produced or reproduced, formal or informal, whether for internal or external use, including
without limitation, correspondence, letters, memoranda, drafts, corporate minutes, diary or
appointment book entries, telephone logs, telegrams, telexes, notes (including stenographic
notes), minutes, reports, contracts, agreements, directives, instructions, court papers, graphic
representations, lists of persons or things, books, pamphlets, manuscripts, cancelled checks,
mechanical and electronic sound recordings, charts, tapes, videotapes, microfilm, microfiche,
indices, data sheets, data processing cards and tapes, statistical tables, memoranda made of any
telephone communications and diagrams, and electronically created data and other compilations
of data from which information can be obtained, translated, if necessary, through detection or
recovery devices into reasonably usable form, any and all of which are in *your* possession,
custody or control.

4.     The term "document" as used herein, is intended to mean documents in the
broadest sense, and is defined to be synonymous in meaning and equal in scope to the usage of
the term in Pennsylvania Rule of Civil Procedure 4009.1.

5.     The word "document" or "documents" shall also include all drafts, alterations,
modifications, changes, and amendments of any of the foregoing. Any document, bearing on
any sheet or side thereof, any marks, including without limitation, initials, stamped indicia,

comments, or notations of any character which are not part of the original text, or any reproduction thereof, is to be considered a separate document.

6. The word "document" or "documents" shall also include any and all things subject to discovery pursuant to Rule 4009.1 of the Pennsylvania Rules of Civil Procedure.

7. "Communication" as used herein shall mean all statements, admissions, denials, inquiries, discussions, conversations, negotiations, agreements, contracts, understandings, meetings, telephone conversations, letters, correspondence, notes, telegrams, telexes, electronic computer mail (e-mail), advertisements, or any other form of written or verbal intercourse.

8. The term "relating to," as used herein, shall mean constituting, consisting of, referring, reflecting, regarding, concerning, pertaining to, demonstrating, identifying, supporting, or in any way logically or factually connecting with the matter described in the Request.

9. The term "Complaint" shall refer to the Complaint filed by Plaintiff(s) in the above-captioned matter.

10. The term "incident" shall refer to the purported accident and/or incident described in the Complaint.

## **Rules of Construction**

In construing these Document Requests:

1. The singular shall include the plural and plural shall include the singular.

2. A masculine, feminine or neuter pronoun shall not exclude the other genders.

3. Unless otherwise specified in the Request for Production, each Request shall extend to all documents which have been available to, in the possession of, custody of, or subject to the control of your present and former agents, attorneys and other persons acting or purporting to act on your behalf.

4. None of the following Requests for Production of Documents shall be construed to request or seek information or documents that constitute privileged attorney-client communications or material that is immune from discovery pursuant to Pa. R. Civ. P. 4003.3 unless you have made an express and/or implied waiver of the applicable privilege or immunity regarding the communications, information, materials or documents.

5. "And" and "or" mean "and/or" whenever the context reasonably allows such construction.

## **Instructions**

A.     If any documents sought by these Requests are withheld from production based on the attorney-client privilege, the attorney work product doctrine, Pa. R. Civ. P. 4003.3, or for any other reason, provide a privilege log identifying the type of document, its author, the recipient, a general description of the subject of the document, and the specific privilege or reason cited for not producing the document.

B.     Each Document Request is to be complied with, separately and fully, within thirty (30) days after service, unless it is objected to, in which event the reasons for the objection should be stated in a manner that would enable the Court to decide on the merits of the objection.

C.     When a complete production in response to a particular Document Request is not possible, production should be made to the extent possible and a statement should be made indicating why only a partial production is given and what must occur before a complete production may be given.

D.     These Document Requests shall be deemed continuing, so as to require additional production if further information is obtained between the time the initial production is made and the time of trial. Such additional production shall be made not later than ten (10) days after such additional documents are received or before trial, whichever is earlier.

## Document Requests

1.     Provide all documents identified in or referred to in preparing your answers to Defendants' Interrogatories directed to you.

2.     Provide all documents identified in or referred to in preparing your answers to Interrogatories of any other party involved in this current litigation, which was commenced by the filing of the Complaint.

3.     Provide any and all documents in your possession, custody, or control (excluding materials deemed outside the scope of permissible discovery pursuant to Pa. R. Civ. P. 4003.3) related to the allegations set forth in the Complaint.

4.     Provide all statements of any and all witnesses relating to the allegations set forth in the Complaint, including, but not limited to, any statements of any parties to this litigation. This Request for Production shall be considered a request for all "statements" concerning this action or its subject matter previously made by any party or witness pursuant to Pa. R. Civ. P. 4003.4.

5.     Provide all documents containing the names, home addresses and/or business addresses of all individuals contacted as potential witnesses (excluding materials deemed outside the scope of permissible discovery pursuant to Pa. R. Civ. P. 4003.3 or 4003.5(3)).

6.     Provide all documents, including, but not limited to any notes, letters, e-mails, memoranda, correspondence, reports, invoices, or similar documents prepared by you or

someone on your behalf relating to any and all damages that resulted from the incident and/or the allegations set forth in the Complaint.

7.    Provide all documents, including, but not limited to any notes, letters, e-mails, memoranda, correspondence, reports, invoices, or similar documents relating to any and all medical treatment you received as a result of the incident and/or the allegations set forth in the Complaint.

8.    Provide all documents, including, but not limited to any notes, letters, e-mails, memoranda, correspondence, reports, invoices, or similar documents relating to any and all medical treatment you received for any prior condition.

9.    Provide all documents, including, but not limited to any notes, letters, e-mails, memoranda, correspondence, reports, invoices, or similar documents relating to your allegations set forth in the Complaint.

10.   Provide all documents, including, but not limited to any notes, letters, e-mails, memoranda, correspondence, reports, invoices, or similar documents relating to any and all medical, economic, and/or special damages that you claim are a result of the incident and/or the allegations set forth in the Complaint.

11.   Provide a list of any and all medical, economic, and/or special damages that you claim are a result of the incident and/or the allegations set forth in the Complaint.

12.   Provide all documents, including, but not limited to any notes, letters, e-mails, memoranda, correspondence, reports, invoices, or similar documents relating to any communication, conversation, discussion, correspondence, and/or other contact with any person relating to the incident and/or the allegations set forth in the Complaint.

13.   Provide all documents, including, but not limited to any notes, letters, e-mails, memoranda, correspondence, reports, invoices, or similar documents relating to any communication, conversation, discussion, correspondence, and/or other contact with any employee, agent, and/or representative of Defendants relating to the incident and/or the allegations set forth in the Complaint.

14.   Provide all documents, including, but not limited to any notes, letters, e-mails, memoranda, correspondence, reports, invoices, or similar documents prepared by you or someone on your behalf relating to the incident and/or the allegations set forth in the Complaint.

15.   Provide all documents, including, but not limited to any notes, letters, e-mails, memoranda, correspondence, reports, invoices, or similar documents received by you or someone on your behalf from any source relating to the incident and/or the allegations set forth in the Complaint.

16.   Provide all documents, including, but not limited to any complaints, notes, letters, e-mails, memoranda, correspondence, reports, invoices, or similar documents prepared by you or

on your behalf to any agency, organization, public or private, relating to the incident and/or the allegations set forth in the Complaint.

17. Provide all recordings taken by you or any person acting on your behalf of any person having knowledge of any fact or thing relating to the incident and/or the allegations set forth in the Complaint.

18. Provide all summaries of any conversation or statement of any person having knowledge or information relating to the incident and/or the allegations set forth in the Complaint.

19. Provide all photographs of any person, thing, and/or matter relating to the incident and/or the allegations set forth in the Complaint, including any motion picture, videotape, and/or DVD.

20. Provide all maps, diagrams, and/or models relating to the incident and/or the allegations set forth in the Complaint.

21. Provide all expert reports, opinions, letters, curriculum vitae and other documents of any expert who is expected to testify at trial.

22. Provide all documents you intend to introduce at the time of trial.

23. Provide all documents, including, but not limited to any complaints, notes, letters, e-mails, memoranda, correspondence, reports, invoices, or similar documents between you or anyone on your behalf and any other party to this litigation or anyone on their behalf relating to the incident and/or the allegations set forth in the Complaint.

24. All journals, logs, diaries, notes or other documents in which you have made recordings or other entries, including, but not limited to any journal written and/or maintained on a computer database as a result of the incident and/or the allegations set forth in the Complaint.

25. Provide any and all medical records, psychological, psychiatric or mental counseling records pertaining to the alleged damages set forth in your Complaint.

26. Provide any and all medical records, psychological, psychiatric or mental counseling records pertaining to treatment prior to the events underlying the incident upon which the present action is based for the past five (5) years.

27. Provide any and all medical records from your "family" doctor(s) or primary care physician(s) from whom you received medical services from 2014 to the present.

28. Provide any and all medical bills/invoices for your treatment(s) and/or examination(s) rendered due to injuries arising from the incident.

29.     Provide all documents, including any Interrogatory responses that you have produced to any other party in this litigation.

30.     Provide copies of your W-2s and Federal tax returns for the past five (5) years.

31.     All documents reflecting or relating to the actual or potential financing or funding of the prosecution of this litigation, including any litigation funding agreement.

32.     Provide all maintenance, inspection, service and/or repair records pertaining to the motor vehicle at issue (1992 Mitsubishi 3000 GT bearing Pennsylvania license plate 3M94) for the past ten (10) years prior to the date of the accident alleged in the Complaint.

33.     Provide all maintenance, inspection, service and/or repair records pertaining to the motor vehicle at issue (1992 Mitsubishi 3000 GT bearing Pennsylvania license plate 3M94) for any maintenance, inspection, service and/or repair performed on the motor vehicle by any of the defendants.

### WILLIAM J. FERREN & ASSOCIATES

BY:     */s/ Brendan M. Howton*

Brendan M. Howton, Esquire
Attorney for Defendants,
Fred Beans Family of Dealerships,
Fred Beans Ford, Inc., Fred Beans Ford, Inc.
d/b/a Fred Beans Family of Dealerships,
Fred Beans of Kia of Limerick, Fred
Beans Motors of Limerick, Inc and
Fred Beans Motors of Limerick, Inc. d/b/a
Fred Beans Kia of Limerick
ID#: 209500

Date: February 7, 2019

WILLIAM J. FERREN & ASSOCIATES
BY:    Brendan M. Howton, Esquire
      ID#: 209500
P.O. Box 2903
Hartford, CT 06104
267-675-3028

Attorney for Defendants,
Fred Beans Family of Dealerships,
Fred Beans Ford, Inc., Fred Beans Ford, Inc.
d/b/a Fred Beans Family of Dealerships,
Fred Beans of Kia of Limerick, Fred
Beans Motors of Limerick, Inc and
Fred Beans Motors of Limerick, Inc. d/b/a
Fred Beans Kia of Limerick

| | |
|---|---|
| SOOMI AMAGASU, both Individually and as Spouse and Power of Attorney for FRANCIS AMAGASU | : PHILADELPHIA COUNTY<br>: COURT OF COMMON PLEAS<br>:<br>: |
| v. | :<br>:<br>: NOVEMBER TERM, 2018 |
| FRED BEANS FAMILY OF DEALERSHIPS, FRED BEANS FORD, INC., FRED BEANS FORD, INC. d/b/a FRED BEANS FAMILY OF DEALERSHIPS, FRED BEANS KIA OF LIMERICK, FRED BEANS MOTORS OF LIMERICK, INC., FRED BEANS MOTORS OF LIMERICK, INC. d/b/a FRED BEANS KIA OF LIMERICK, MITSUBISHI MOTORS NORTH AMERICA, INC., MITSUBISHI MOTORS CORPORATION | : NO.: 02406<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## DEFENDANTS' INTERROGATORIES ADDRESSED TO PLAINTIFF(S)
## Motor Vehicle Liability Cases

Defendant(s) hereby demands that the Plaintiff(s) answer the following Interrogatories pursuant to the Pennsylvania Rules of Civil Procedure 4001 et seq. These Interrogatories must be answered as provided in Pa. R.C.P. 4006 and the Answers must be served on all other parties within thirty (30) days after the Interrogatories are deemed served.

These Interrogatories are deemed to be continuing as to require the filing of Supplemental Answers promptly in the event Plaintiff(s) or their representatives (including counsel) learn additional facts not set forth in its original Answers or discover that information provided in the Answers is erroneous. Such Supplemental Answers may be filed from time to time, but not later than 30 days after such further information is received, pursuant to Pa. R.C.P. 4007.4.

These Interrogatories are addressed to you as a party to this action; your answers shall be based upon information known to you or in the possession, custody or control of you, your attorney or other representative acting on your behalf whether in preparation for litigation or

otherwise. These Interrogatories must be answered completely and specifically by you in writing and must be verified. The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each interrogatory as completely as possible. The omission of any name, fact, or other item of information from the Answers shall be deemed a representation that such name, fact, or other item was not known to Plaintiff(s), their counsel, or other representatives at the time of service of the answers. If another motor vehicle was not involved in the alleged accident, then interpret any questions to include a non-motor vehicle (i.e. pedestrian, bicycle, etc.).

1.      State:

    (a)     your full name (maiden name, if applicable), alias(es), date of birth, marital status (name of spouse) at the time the cause of action and currently, residence and business addresses at the time the cause of action arose and currently and Social Security Number.

    (b)     Identify all other persons residing at your address at the time of the alleged accident;

    (c)     Identify all persons, by name and address, who had motor vehicles registered to the address you resided at, at the time of the alleged accident.

2.      Identify, by name and address, at the time of the alleged accident and currently, the driver and owner of your motor vehicle involved in the alleged accident, and state:

    (a)     The date of issuance and each Commonwealth or State in which the driver has been licensed to operate a motor vehicle;

    (b)     Any and all restrictions on any of the aforementioned driver's license(s). If corrective lenses were required, state whether or not you (or they) were wearing them at the time of the alleged accident;

    (c)     Whether any such license(s) have ever been suspended or revoked, and, if so, when, where, by whom and the reason(s) therefore;

    (d)     The nature, extent and duration of any physical and/or mental defects you

2

suffered from at the time of and prior to the alleged accident.

3.       Identify all Commonwealths or States in which you were the registered owner of a motor vehicle on the date of the alleged accident. Identify the financial responsibility upon such motor vehicles, as defined by 75 Pa. C.S. Section 1702.

4.       State in detail the manner in which the alleged accident occurred, specifying the speed, position, direction and location of each motor vehicle involved, just before, at the time of, and immediately after the alleged accident.

5.       Describe the lighting conditions, weather conditions and the condition of the road(s) surface(s) existing at the time and place of the alleged accident.

6.       Describe the streets or other byways involved in the alleged accident, as follows:

     (a)       In terms of traffic lanes (i.e. parking, travel, turn-only lanes), the width of the streets or other byways;

     (b)       Type of road surface (i.e. concrete, black top, dirt, gravel, etc.);

     (c)       Roadway surface condition(s) (i.e. dry, wet, muddy, etc.);

     (d)       Any defects in the roadway which you believe contributed to the happening of the alleged accident.

3

7.     State:

    (a)     In which lane the respective motor vehicles were traveling before the
        alleged accident occurred;

    (b)     The speed of your vehicle;

        (1)     At 100 feet from the point of contact;
        (2)     At 50 feet from the point of contact;
        (3)     At the point of contact.

    (c)     Whether your (or your operator's) view was clear, or what obstruction, if any,
        existed at the time of the alleged accident;

    (d)     What you (or your operator) did in an attempt to avoid the alleged accident;

    (e)     Whether the responding and/or investigating police officers cited any of
        the drivers involved in the alleged accident for a violation(s) of any statute, law,
        ordinance or regulation and if so, describe.

8.     Describe any and all damage to the motor vehicle in which you were an occupant or
driver as a direct result of the alleged accident.

9.     Identify the person and/or company who repaired and/or evaluated your motor vehicle to
prepare a repair estimate.

4

10.     If the motor vehicle you were the owner and/or driver or occupant of has been sold since the time of the accident, state the date of the sale, identify by name and address the person who purchased the motor vehicle and the sale price of the motor vehicle.

11.     State your address of departure and intended destination during your route of travel at the time of the alleged accident.

12.     State the name, home and business address of the following:

    (a)     Those who actually witnessed the alleged accident;

    (b)     Those who were present at or near the scene at the time of the alleged accident;

    (c)     Those who have any knowledge or information as to any facts pertaining to the circumstances and manner of the happening of the alleged accident or the nature of the injuries sustained in the alleged accident.

13.     State all economic as well as non-economic damages and/or loses you believe you sustained as a direct result of the alleged accident. Describe in detail all injuries you sustained, including their nature, extent and duration.

14.     State:

    (a)     The identity, by name and address, of each hospital or university medical center where you were examined and/or treated and whether you were admitted;

5

    (b)    The identity of any person(s) who examined, evaluated or treated you, noting their name, address and specialty;

    (c)    The identity, by name and address of any diagnostic test center that provided services and what test were performed;

    (d)    The date(s) of all examination(s), evaluation(s), treatment(s) and/or confinement(s) by healthcare professionals and their corresponding charges.

    (e)    Identify any healthcare professional(s) you are currently consulting and/or treating with for any of the injuries and/or damages you sustained as a direct result of the alleged accident and what symptoms you still allegedly suffer from.

15.    If you contend that the alleged accident aggravated a pre-existing condition(s), state:

    (a)    The nature and extent of such pre-existing condition;

    (b)    The date upon which you believe you recovered from symptomatology of the preexisting condition(s), prior to the accident date;

    (c)    The name and address of the healthcare professional(s) who treated you for the pre-existing condition(s); and

    (d)    The date of and circumstances causing you to incur the pre-existing condition(s).

6

16.     If you have fully recovered from the injuries you allege to have sustained in the present accident, state the approximate date you recovered. If you have not fully recovered from your injuries, then describe any pain, ailment, complaint, injury or disability that you allege you still suffer from as a direct result of the alleged accident.

17.     State whether you sustained any injuries or suffered from any disease, deformity, or impairment, prior to or subsequent to the accident herein, which in any way affected those parts of your body claimed to have been injured as a direct result of the instant accident. If so, state:

    (a)     The nature and extent of any such injury, disease, deformity or impairment;

    (b)     The date of the occurrence or diagnosis of such injury, disease, deformity or impairment;

    (c)     The names and address(es) of the healthcare professional(s) you have consulted with and/or treated with and the corresponding dates thereof, for such injury, disease, deformity or impairment.

18.     If you are currently employed, were employed at the time of the alleged accident and/or employed for five (5) years before the accident date, state as to each time period:

    (a)     By whom;

    (b)     Your stated title or position and accompanying duties and responsibilities;

    (c)     The length of your employment;

    (d)     Number of hours worked per week and/or number of days worked per week;

7

(e)     Hourly wage and/or salary as well as supplemental wages (i.e. bonuses, overtime,

19.     State the dates you have been absent from work since the date of the alleged accident for reasons relating to the injuries, damages and/or losses you sustained in the accident. If you have returned to your employment, state the date you returned and whether there had been any change in your stated title or position, accompanying duties and/or responsibilities and/or your wage, salary or supplemental wages and identify by name and address the employment you returned to.

20.     Describe in detail any future lost wage claim and/or impairment of earning capacity and/or power you believe you will have as a direct result of the alleged accident and the basis thereof.

21.     If you have ever been involved in any prior litigation as a party or witness, describe the nature of the lawsuit, the Commonwealth or State, County, court term and number of the lawsuit, as well as the outcome of the lawsuit, if you were a party thereto.

22.     If you have engaged, or expect to engage, healthcare professionals and/or other expert witnesses (i.e. accident reconstructionists), whom you intend to have testify or whose report you intend to submit at trial on your behalf on any matter pertaining to this action, state:

(a)     The name of the expert;

(b)     The expert's professional address;

(c)     The expert's occupation;

(d)     The expert's specialty;

8

(e)     The expert's qualifications (i.e. Curriculum Vitae);

(f)     The topic or subject matter upon which the expert is expected to testify;

(g)     The substance of the facts to which the expert is expected to testify;

(h)     The substance of the opinion to which the expert is expected to testify;

(i)     A summary of the grounds or foundation for each opinion the expert is expected to testify.

23.     State whether you have been convicted of any crime(s) in the past ten (10) years, and if so, state the nature of such conviction.

24.     State where and when the motor vehicle at issue (1992 Mitsubishi 3000 GT bearing Pennsylvania license plate 3M94) was last maintained, inspected, serviced and/or repaired during the five (5) years prior to the date of the accident and what maintenance, inspection, service and/or repairs were completed.

25.     State when the motor vehicle at issue (1992 Mitsubishi 3000 GT bearing Pennsylvania license plate 3M94) was last maintained, inspected, serviced and/or repaired by any of the named defendants.

26.     On the date of the alleged accident, was the motor vehicle at issue (1992 Mitsubishi 3000 GT bearing Pennsylvania license plate 3M94) in need of maintenance, service and/or repair or affected by any mechanical or operational issues involving any portion of the motor vehicle including, but not limited to, its steering systems, cornering, braking systems, engine, transmission and/or restraint systems? If so, please identify any issues that existed on the date of the accident.

9

27.     State where the motor vehicle at issue (1992 Mitsubishi 3000 GT bearing Pennsylvania license plate 3M94) was inspected on a yearly basis for motor vehicle registration renewal purposes for five (5) years prior to the accident at issue.

28.     Was the motor vehicle at issue (1992 Mitsubishi 3000 GT bearing Pennsylvania license plate 3M94) involved in any accidents prior to the date of the accident alleged in this matter? If so, please identify any accidents involving the motor vehicle and any damages to the motor vehicle and/or its operational or mechanical systems sustained in said accident.

### WILLIAM J. FERREN & ASSOCIATES

BY:     */s/ Brendan M. Howton*

Brendan M. Howton, Esquire
Attorney for Defendants,
Fred Beans Family of Dealerships,
Fred Beans Ford, Inc., Fred Beans Ford, Inc.
d/b/a Fred Beans Family of Dealerships,
Fred Beans of Kia of Limerick, Fred
Beans Motors of Limerick, Inc and
Fred Beans Motors of Limerick, Inc. d/b/a
Fred Beans Kia of Limerick
ID#: 209500

WILLIAM J. FERREN & ASSOCIATES
BY:   Brendan M. Howton, Esquire
      ID#: 209500
P.O. Box 2903
Hartford, CT 06104
267-675-3028

Attorney for Defendants,
Fred Beans Family of Dealerships,
Fred Beans Ford, Inc., Fred Beans Ford, Inc.
d/b/a Fred Beans Family of Dealerships,
Fred Beans of Kia of Limerick, Fred
Beans Motors of Limerick, Inc. and
Fred Beans Motors of Limerick, Inc. d/b/a
Fred Beans Kia of Limerick

---

SOOMI AMAGASU, both Individually and as
Spouse and Power of Attorney for FRANCIS
AMAGASU

: PHILADELPHIA COUNTY
: COURT OF COMMON PLEAS
:
:
:
v.

: OCT TERM, 2014
: NO.: 02597

FRED BEANS FAMILY OF DEALERSHIPS,         :
FRED BEANS FORD, INC., FRED BEANS         :
FORD, INC. d/b/a FRED BEANS FAMILY OF     :
DEALERSHIPS, FRED BEANS KIA OF            :
LIMERICK, FRED BEANS MOTORS OF            :
LIMERICK, INC., FRED BEANS MOTORS OF      :
LIMERICK, INC. d/b/a FRED BEANS KIA OF    :
LIMERICK, MITSUBISHI MOTORS NORTH         :
AMERICA, INC., MITSUBISHI MOTORS          :
CORPORATION                               :

---

## DEFENDANTS, FRED BEANS FAMILY OF DEALERSHIPS, FRED BEANS FORD, INC., FRED BEANS FORD, INC., D/B/A FRED BEANS FAMILY OF DEALERSHIPS, FRED BEAS OF KIA OF LIMERICK, FRED BEANS MOTORS OF LIMERICK, INC. AND FRED BEANS MOTORS OF LIMERICK, INC. D/B/A FRED BEANS KIA OF LIMERICK'S EXPERT WITNESS INTERROGATORIES ADDRESSED TO PLAINTIFFS

These Interrogatories shall be answered in writing under oath within thirty (30) days of

service hereof pursuant to Rule 4005 of the Pennsylvania Rules of Civil Procedure.

These Interrogatories shall be deemed to be continuing in nature so as to require

supplemental answers if further information is obtained between the date these Answers are filed

and the date of trial.

## **INTERROGATORIES**

1.      State the name, home and business address of all persons you expect to call as expert witnesses at the trial of the above-captioned matter.

2.      For each person named in interrogatory number 1, state the following:

     (a)      his/her occupation;

     (b)      whether he/she specializes in any particular field, and if so, his/her area of areas of specialization.

3.      For each person named in interrogatory number 1, set forth his/her qualifications including, but not limited to, the following:

     (a)      the schools or training programs that each has attended, including the years in attendance, the degrees or certificates received;

     (b)      experience in particular fields of endeavor, whether related to or unrelated to their areas of specialty, including names and addresses of employers with years of employment;

     (c)      a list of all publications authored by said persons including the title of the work, the name of the periodical or book in which it was printed, and the date of its publication;

(d)     if any of the persons listed in answer to interrogatory number 1 has printed

or mimeographed resumes or curriculum vitae or other summaries of qualifications which

provide all information requested herein, you may attach a copy of same hereto.

4.     For each person named in answer to interrogatory number 1, set forth the
following:

(a)     subject matter on which the expert is expected to testify;

(b)     the substance of the facts to which the expert is expected to testify;

(c)     the substance of the opinions to which the expert is expected to testify;

(d)     the summary of the grounds for each opinion of the expert, including, but

not limited to, any textual material upon which the expert witness will rely.  For any such texts,

please identify the name of the text, the author, the edition, the year of publication, and the page

or pages of said text to be relied upon.

5.     Set forth in detail the factual information supplied to each such expert,
including, but not limited to the following:

(a)     all documents, objects and materials examined by the expert,
including, but not limited to, x-rays, laboratory reports or analyses and any and all
medical records or reports;

(b)     the source of each document, object or material examined by the expert;

(c)     the date and place of examination of said document, object or material by

the expert;

(d)    description of all photographs, movies, video-tapes, plans, drawings,

sketches or other documents reviewed by each such expert;

6.    Attach a copy of the report of each expert identified in answer

Interrogatory Number 1.

## WILLIAM J. FERREN & ASSOCIATES

BY:    /s/ Brendan M. Howton

Brendan M. Howton, Esquire
Attorney for Defendants,
Fred Beans Family of Dealerships,
Fred Beans Ford, Inc., Fred Beans Ford, Inc.
d/b/a Fred Beans Family of Dealerships,
Fred Beans of Kia of Limerick, Fred
Beans Motors of Limerick, Inc and
Fred Beans Motors of Limerick, Inc. d/b/a
Fred Beans Kia of Limerick
ID#: 209500

Date: February 7, 2019

Exhibit F

*William J. Ferren & Associates*
*Attorneys At Law*
*P.O. Box 2903*
*Hartford, CT 06104*
*Phone (267)675-3017*
*Fax (267) 675-3036*

*Brendan M. Howton, Attorney at Law*
*Direct Dial: (267) 675-3028*
*Email: bhowton@travelers.com*

March 19, 2019

Stewart J. Eisenberg, Esquire
Nancy J. Winkler, Esquire
Daniel J. Sherry, Jr., Esquire
Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C.
1634 Spruce Street
Philadelphia, PA 19103

> **RE:**   **Soomi Amagasu, et. al. v. Fred Beans Family of Dealerships, et al.**
> **CCP, Philadelphia County – No: 181102406**
> **Claim Number: FDG4961**
> **Our File Number: 2018132951**

Dear Counsel:

Please allow this to confirm that I mailed Defendants, Fred Beans Family of Dealerships, Fred Beans Ford, Inc., Fred Beans Ford, Inc. d/b/a Fred Beans Family of Dealerships, Fred Beans of Kia of Limerick, Fred Beans Motors of Limerick, Inc and Fred Beans Motors of Limerick, Inc. d/b/a Fred Beans Kia of Limerick's Interrogatories, Expert Witness Interrogatories and a Request for Production of Documents directed to Plaintiffs to your attention on February 7, 2019. To date, I have not received Plaintiffs' answers to these discovery requests. Please forward Plaintiffs' discovery responses within the next ten (10) days to avoid the filing of a Motion to Compel. If you need additional time to provide Plaintiffs' discovery responses, please contact me to request additional time.

Thank you for your attention to this matter.

Very truly yours,

*/s/ Brendan M. Howton*

Brendan M. Howton

BMH/alf
cc:   William J. Conroy, Esquire / Emily J. Rogers, Esquire

*Not a Partnership or Professional Corporation*
*All attorneys are Employees of The Travelers Indemnity Company*
*And its Property Casualty Affiliates*

# Exhibit G

Amagasu Etal Vs Fred Beans Family Of Dealers-ORDER



18110240600065

Filed and Attested by the
Office of Judicial Records

SOOMI AMAGASU, both Individually and as      : PHILADELPHIA COUNTY      pm
Spouse and Power of Attorney for FRANCIS     : COURT OF COMMON PLEAS
AMAGASU                                      :
                                             :
        v.                                   :
                                             : NOVEMBER TERM, 2018
FRED BEANS FAMILY OF DEALERSHIPS,            : NO.: 02406
et.al.                                       :

## ORDER

AND NOW, this 31st day of July , 2019, upon consideration of

Defendants, Fred Beans Family of Dealerships, Fred Beans Ford, Inc., Fred Beans Ford, Inc.

d/b/a Fred Beans Family of Dealerships, Fred Beans of Kia of Limerick, Fred Beans Motors of

Limerick, Inc and Fred Beans Motors of Limerick, Inc. d/b/a Fred Beans Kia of Limerick's

Motion to Compel Plaintiffs' full and complete answers to Moving Defendants' Interrogatories,

Expert Interrogatories and Request for Production of Documents addressed to Plaintiffs, it is hereby

ORDERED that said Motion is GRANTED.

Plaintiffs shall provide full and complete answers to Moving Defendants' Interrogatories,

Expert Interrogatories and Request for Production of Documents within thirty (35) days of the date

of this Order or risk sanctions upon application to the Court.

**DOCKETED**

AUG 0 5 2019

D. STEWART
JUDICIAL RECORDS

BY AGREEMENT

**Discovery Deadline: 06/01/2020**

BY THE COURT:

_____
                                                    J.

MOTION SUBMITTED

JUL 3 1 2019

BY AGREEMENT

Case ID: 181102.

# Exhibit H

**EISENBERG, ROTHWEILER,**
 **WINKLER, EISENBERG & JECK, P.C.**
**BY: STEWART J. EISENBERG, ESQUIRE**
**BY: NANCY J. WINKLER, ESQUIRE**
**BY: DANIEL J. SHERRY, JR., ESQUIRE**
**ATTORNEY I.D. Nos. 32151/49465/201515**          Attorneys for Plaintiffs
**1634 Spruce Street**
**Philadelphia, PA 19103**
**215.546.6636**

| | |
|---|---|
| SOOMI AMAGASU, both Individually and as<br>Spouse and Power of Attorney for FRANCIS<br>AMAGASU<br><br>*Plaintiffs,*<br><br>vs.<br><br>FRED BEANS FAMILY OF<br>DEALERSHIPS and FRED BEANS<br>FORD, INC. and FRED BEANS FORD,<br>INC. d/b/a FRED BEANS FAMILY OF<br>DEALERSHIPS and FRED BEANS KIA<br>OF LIMERICK and FRED BEANS<br>MOTORS OF LIMERICK, INC. and<br>FRED BEANS MOTORS OF<br>LIMERICK, INC. d/b/a FRED BEANS<br>KIA OF LIMERICK and MITSUBISHI<br>MOTORS NORTH AMERICA, INC. and<br>MITSUBISHI MOTORS<br>CORPORATION<br><br>*Defendants.* | : COURT OF COMMON PLEAS<br>: PHILADELPHIA COUNTY<br>:<br>:<br>:<br>: NOVEMBER TERM, 2018<br>:<br>: NO. 002406<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## PLAINTIFFS' RESPONSES TO DEFENDANT FRED BEANS FAMILY OF DEALERSHIP FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFFS

Plaintiffs, by and through their counsel, respond to Defendant Fred Beans Family of

Dealerships Interrogatories and in so doing states as follows:

1.    State:

(a)    your full name (maiden name, if applicable), alias(es), date of birth,
       marital status (name of spouse) at the time the cause of action and
       currently, residence and business addresses at the time the cause of action
       arose and currently and Social Security Number.

1

**Answer:**      **Francis Satoru Amagasu**
                **DOB: 11/8/1965**
                **Married**

                **Address: 6150 Upper Mountain Road, New Hope, PA 18938**

                **Social Security Number 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**

      (b)     Identify all other persons residing at your address at the time of the
             alleged accident;

**Answer:**      **Wife: Soomi Hahn-Amagasu**
                **DOB: 11/27/1965**

                **Son:  Katsutoshi Kyung Amagasu**
                **DOB: 10/12/03 (13 at time of the accident)**

      (c)     Identify all persons, by name and address, who had motor vehicles
             registered to the address you resided at, at the time of the alleged
             accident.

**Answer:**      **Wife: Soomi Hahn-Amagasu**

2.     Identify, by name and address, at the time of the alleged accident and currently, the
driver and owner of your motor vehicle involved in the alleged accident, and state:

      (a)     The date of issuance and each Commonwealth or State in which the driver
             has been licensed to operate a motor vehicle;

**Answer:**      **Plaintiff states the date of issuance was on or about November 1981.**

      (b)     Any and all restrictions on any of the aforementioned driver's
             license(s). If corrective lenses were required, state whether or not you
             (or they) were wearing them at the time of the alleged accident;

**Answer:**      **Plaintiff did not have any driver's license restrictions.  Moreover, to
                the extent Defendant seeks to obtain a copy of Plaintiff's driver's
                abstract, Plaintiff will execute any reasonable authorization in that
                regard.**

      (c)     Whether any such license(s) have ever been suspended or revoked, and, if
             so, when, where, by whom and the reason(s) therefore;

2

**Answer:** **Plaintiff does not believe that his license had ever been suspended or revoked prior to the subject incident.**

    (d)    The nature, extent and duration of any physical and/or mental defects you suffered from the time of and prior to the alleged accident.

**Answer:** **Plaintiffs respond by stating that it is their non-expert opinion that Mr. Amagasu's serious injuries, which have resulted in him being paralyzed, are considered permanent.**

3.    Identify all Commonwealths or States in which you were the registered owner of a motor vehicle on the date of the alleged accident. Identify the financial responsibility upon such motor vehicles, as defined by 75 Pa. C.S. Section 1702.

    **Answer:** **Plaintiffs respond by stating that Pennsylvania was the state where they were the registered owner of motor vehicles.**

4.    State in detail the manner in which the alleged accident occurred, specifying the speed, position, direction and location of each motor vehicle involved, just before, at the time of, and immediately after the alleged accident.

    **Answer:** **Plaintiffs respond by stating that Mr. Amagasu at time of the incident (seated in the driver's seat and wearing his seatbelt) does not personally recall the incident sequence other than feeling that the vehicle was going out of control and not responding appropriately to steering inputs. Moreover, Plaintiffs respond by stating that it is their understanding that the crash sequence as well as the movement of Mr. Amagasu in the vehicle will be addressed by qualified experts including but not necessarily limited to accident reconstructionists and biomechanical engineers. These experts' reports, along with all relevant export reports, will be disclosed in strict conformance with applicable case management order.**

5.    Describe the lighting conditions, weather conditions and the condition of the road(s) surface(s) existing at the time and place of the alleged accident.

    **Answer:** **Plaintiffs refer Defendant to the police report which states the weather condition, roadway condition, and lighting conditions present at the time of the incident.**

6.    Describe the streets or other byways involved in the alleged accident, as follows:

    (a)    In terms of traffic lanes (i.e. parking, travel, turn-only lanes), the width of the streets or other byways;

    (b)    Type of road surface (i.e. concrete, black top, dirt, gravel, etc.);

    (c)    Roadway surface condition(s) (i.e. dry, wet, muddy, etc.);

      (d)     Any defects in the roadway which you believe contributed
              to the happening of the alleged accident.

**Answer:**     **Plaintiffs respectfully refer Defendant to the police report which contains the information, to the extent available.  Moreover, Plaintiffs, through counsel, state their belief in that they do not believe that any defects were present in any roadway.**

7.    State:

      (e)     In which lane the respective motor vehicles were traveling before the
              alleged accident occurred;

      (f)     The speed of your vehicle;

          (1)    At 100 feet from the point of contact;
          (2)    At 50 feet from the point of contact;
          (3)    At the point of contact.

      (g)     Whether your (or your operator's) view was clear, or what obstruction, if any,
              existed at the time of the alleged accident;

      (h)     What you (or your operator) did in an attempt to avoid the alleged accident;

      (i)     Whether the responding and/or investigating police officers cited any of
              the drivers involved in the alleged accident for a violation(s) of any statute, law,
              ordinance or regulation and if so, describe.

**Answer:**     **Plaintiffs refer Defendant to their prior Interrogatory answers, and additionally state that Plaintiff does not believe that he was exceeding the speed limit at any relevant point in time.  Moreover, this incident involves a rollover event, as opposed to a "point of contact" which is more appropriately descriptive for a frontal collision.  Moreover, Plaintiffs respectfully refer Defendant to the police report.**

8.    Describe any and all damage to the motor vehicle in which you were an occupant or driver as a direct result of the alleged accident.

**Answer:**     **Plaintiffs state that the subject vehicle sustained damage in the crash event, and respectfully directs Defendant to the photographs that depict the damage.**

9.    Identify the person and/or company who repaired and/or evaluated your motor vehicle to prepare a repair estimate.

**Answer:**     **Plaintiffs did not have the vehicle repaired after the incident; instead, the vehicle has been persevered in its post-crash condition.**

4

10.    If the motor vehicle you were the owner and/or driver or occupant of has been sold since
       the time of the accident, state the date of the sale, identify by name and address the person
       who purchased the motor vehicle and the sale price of the motor vehicle.

       **Answer:    Plaintiffs respond by stating that the vehicle was not sold after the incident and,
       instead, has been stored as evidence currently located at ARCCA.**

11.    State your address of departure and intended destination during your route of travel at the
       time of the alleged accident.

       **Answer:    Plaintiff was heading home from eating lunch with friends at a Chik-Fil-A in
       Newton, PA.**

12.    State the name, home and business address of the following:

           (j)    Those who actually witnessed the alleged accident;

           (k)    Those who were present at or near the scene at the time of the
                  alleged accident;

           (l)    Those who have any knowledge or information as to any facts
                  pertaining to the circumstances and manner of the happening of
                  the alleged accident or the nature of the injuries sustained in the
                  alleged accident.

       **Answer:    Plaintiffs refer defendant to the police report which indicates the information of
       the witnesses to the incident in question other than Plaintiff and his son.**

13.    State all economic as well as non-economic damages and/or loses you believe you
       sustained as a direct result of the alleged accident. Describe in detail all injuries you
       sustained, including their nature, extent and duration.

       **Answer:    Plaintiffs respond by stating that in addition to the forthcoming expert reports
       regarding "financial loss" such as life care planning and economic losses
       (including but not limited to loss of earning capacity, loss of earnings, and the
       cost of life care plan), and medical liens, and any out of pocket expenses
       incurred as a result of Mr. Amagasu's significant and ongoing medical care,
       the other damages in this case relate to conscious pain and suffering damages,
       disfigurement damages, loss of consortium damages, and punitive damages.**

14.    State:

           (a)    The identity, by name and address, of each hospital or university
                  medical center where you were examined and/or treated and
                  whether you were admitted;

5

(b)     The identity of any person(s) who examined, evaluated or treated
        you, noting their name, address and specialty;

(c)     The identity, by name and address of any diagnostic test center
        that provided services and what test were performed;

(d)     The date(s) of all examination(s), evaluation(s), treatment(s)
        and/or confinement(s) by healthcare professionals and their
        corresponding charges.

(e)     Identify any healthcare professional(s) you are currently
        consulting and/or treating with for any of the injuries and/or
        damages you sustained as a direct result of the alleged accident and
        what symptoms you still allegedly suffer from.

**Answer:**        **Below is a list of treating medical facilities:**

        **St. Mary Medical Center**
        **1201 Langhorne-Newtown Road**
        **Langhorne, PA 19047**

        **Thomas Jefferson University Hospital**
        **111 S. 11th street**
        **Philadelphia, PA 19107**

        **Magee Rehabilitation Hospital**
        **1513 Race Street**
        **Philadelphia, PA 19102**

        **Powerback Rehabilitation**
        **3485 Danisville, Rd**
        **Hatboro, PA 19040**

        **Crestview Rehabilitation**
        **262 Tollgate Rd.**
        **Langhorne, PA 19047**

        **Inglis house**
        **2600 Belmiont Avenue,**
        **Philadelphia, PA 19131**

6

**Chestnut Hill Hospital**
**8835 Germantown Avenue**
**Philadelphia, PA 19118**

15. If you contend that the alleged accident aggravated a pre-existing condition(s), state:

   (a) The nature and extent of such pre-existing condition;

   (b) The date upon which you believe you recovered from symptomatology of the preexisting condition(s), prior to the accident date;

   (c) The name and address of the healthcare professional(s) who treated you for the pre-existing condition(s); and

   (d) The date of and circumstances causing you to incur the pre-existing condition(s).

**Answer:     Plaintiffs do not believe that the crash event aggravated a pre-**

**existing medical condition.**

16. If you have fully recovered from the injuries you allege to have sustained in the present accident, state the approximate date you recovered. If you have not fully recovered from your injuries, then describe any pain, ailment, complaint, injury or disability that you allege you still suffer from as a direct result of the alleged accident.

**Answer:     Mr. Amagasu, who was paralyzed as a result of the crash event, is still receiving**

**treatment and has not "fully recovered". The names of his treating health care**

**providers are contained within the medical records and in the prior responses to**

**Defendant's Interrogatories.**

17. State whether you sustained any injuries or suffered from any disease, deformity, or impairment, prior to or subsequent to the accident herein, which in any way affected those parts of your body claimed to have been injured as a direct result of the instant accident. If so, state:

   (a) The nature and extent of any such injury, disease, deformity or impairment;

      (b)     The date of the occurrence or diagnosis of such injury,
               disease, deformity or impairment;

      (c)     The names and address(es) of the healthcare professional(s) you
               have consulted with and/or treated with and the corresponding dates
               thereof, for such injury, disease, deformity or impairment.

**Answer:**      **Plaintiffs do not believe that the crash event aggravated a pre-existing condition. Plaintiffs further state that medical records are requested and will be supplied to Defendant upon receipt. Moreover, as stated earlier, Plaintiffs will execute any reasonable authorization supplied by Defendant for Mr. Amagasu's medical records.**

18.    If you are currently employed, were employed at the time of the alleged accident and/or employed for five (5) years before the accident date, state as to each time period:

      (a)     By whom;

      (b)     Your stated title or position and accompanying duties
               and responsibilities;

      (c)

      (d)     The length of your employment;

      (e)     Number of hours worked per week and/or number of days worked
               per week;

          (f)     Hourly wage and/or salary as well as supplemental wages (i.e.
                                                  bonuses,

**Answer:**      **Plaintiff has not worked since the incident at question, and prior to the incident was working as a Woodworker/Consult for Nakashima Woodworkers. The calculations of Mr. Amagasu's loss of earnings and earning capacity (along with loss of associated benefits and loss of household services) will be the subject of a report authored by an expert economist, as Plaintiffs are not actuaries or economists. This report will be disclosed to Defendant in strict conformance with the applicable case management order.**

19.    State the dates you have been absent from work since the date of the alleged accident for reasons relating to the injuries, damages and/or losses you sustained in the accident. If you have returned to your employment, state the date you returned and whether there had been any change in your stated title or position, accompanying duties and/or responsibilities and/or your wage, salary or supplemental wages and identify by name and address the

employment you returned to.

**Answer:** **Plaintiff has not worked since the incident at question. The calculations of Mr. Amagasu's loss of earnings and earning capacity (along with loss of associated benefits and loss of household services) will be the subject of a report authored by an expert economist, as Plaintiffs are not actuaries or economists. This report will be disclosed to Defendant in strict conformance with the applicable case management order.**

20. Describe in detail any future lost wage claim and/or impairment of earning capacity and/or power you believe you will have as a direct result of the alleged accident and the basis thereof.

**Answer:** **Plaintiffs respectfully refer Defendant to Interrogatories 18 and 19, above.**

21. If you have ever been involved in any prior litigation as a party or witness, describe the nature of the lawsuit, the Commonwealth or State, County, court term and number of the lawsuit, as well as the outcome of the lawsuit, if you were a party thereto.

**Answer:** **Plaintiffs have not been involved in any litigations or lawsuits for any event other than the one that forms the basis of the immediate lawsuit.**

22. If you have engaged, or expect to engage, healthcare professionals and/or other expert witnesses (i.e. accident reconstructionist), whom you intend to have testify or whose report you intend to submit at trial on your behalf on any matter pertaining to this action, state:

    (a)    The name of the expert;

    (b)    The expert's professional address;

    (c)    The expert's occupation;

    (d)    The expert's specialty;

    (e)    The expert's qualifications (i.e. Curriculum Vitae);

    (f)    The topic or subject matter upon which the expert is expected to testify;

    (g)    The substance of the facts to which the expert is expected to testify;

    (h)    The substance of the opinion to which the expert is expected to testify;

    (i)    A summary of the grounds or foundation for each opinion the expert is expected to testify.

**Answer:** **Plaintiffs have not decided who they will call as expert witnesses in this case and will designate the experts and provide said experts' reports and CVs in strict conformance with the applicable case management order.**

23. State whether you have been convicted of any crime(s) in the past ten (10) years, and if so, state the nature of such conviction.

**Answer:** **Plaintiffs have not been convicted of any crimes in the past 10 years.**

24. State where and when the motor vehicle at issue (1992 Mitsubishi 3000 GT bearing Pennsylvania license plate 3M94) was last maintained, inspected, serviced and/or repaired during the five (5) years prior to the date of the accident and what maintenance, inspection, service and/or repairs were completed.

**Answer:** **Plaintiffs respond by stating that maintenance and/or inspections was performed closest to the time of the incident at Melson's Service Center, 295 W. Bridge Street, New Hope, PA 18938.**

25. State when the motor vehicle at issue (1992 Mitsubishi 3000 GT bearing Pennsylvania license plate 3M94) was last maintained, inspected, serviced and/or repaired by any of the named defendants.

**Answer:** **Plaintiffs respond by stating that they are unsure of all of the dates the vehicle was serviced, inspected, maintained, and/or or repaired by the Fred Beans Defendants, although said services are documented in the vehicle's CARFAX records (which are attached).**

26. On the date of the alleged accident, was the motor vehicle at issue (1992 Mitsubishi 3000 GT bearing Pennsylvania license plate 3M94) in need of maintenance, service and/or repair or affected by any mechanical or operational issues involving any portion of the motor vehicle including, but not limited to, its steering systems, cornering, braking systems, engine, transmission and/or restraint systems? If so, please identify any issues that existed on the date of the accident.

**Answer:** **Plaintiffs respond by stating that the vehicle did go out of control and they, through the allegations in the Complaint, are alleging that this loss of control came as a result of, *inter alia*, negligent servicing, inspecting, maintaining, and/or repair by Defendant.**

27. State where the motor vehicle at issue (1992 Mitsubishi 3000 GT bearing Pennsylvania license plate 3M94) was inspected on a yearly basis for motor vehicle registration renewal purposes for five (5) years prior to the accident at issue.

**Answer:** **Plaintiffs respond by stating that in addition to performing routine maintenance**

**himself, additional maintenance and inspections were performed at Melson's Service Center, 295 W. Bridge Street, New Hope, PA 18938; however, Plaintiffs are unsure whether that occurred on a "yearly basis".**

28.   Was the motor vehicle at issue (1992 Mitsubishi 3000 GT bearing Pennsylvania license plate 3M94) involved in any accidents prior to the date of the accident alleged in this matter? If so, please identify any accidents involving the motor vehicle and any damages to the motor vehicle and/or its operational or mechanical systems sustained in said accident.

   **Answer:       Plaintiffs respond by stating that the vehicle was not involved in any prior**

   **accidents.**


   **Plaintiffs reserve the right to supplemental and/or amend these responses.**


                                    Respectfully submitted,

                                    **EISENBERG, ROTHWEILER,**
                                    **WINKLER EISENBERG & JECK, P.C.**


                           BY:      Daniel J. Sherry, Jr.,
                                    Stewart J. Eisenberg, Esquire
                                    Nancy J. Winkler, Esquire
                                    Daniel J. Sherry, Jr., Esquire
                                    Attorneys for Plaintiffs

DATED: September 16, 2019

                                    11

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Response to

Defendant Fred Beans Dealership's Interrogatories was served via First Class U.S. Mail and

PDF e-mail attachment on September 16, 2019.

Respectfully submitted,

**EISENBERG, ROTHWEILER, WINKLER
EISENBERG & JECK, P.C.**

BY:  *Isl*  Daniel J. Sherry, Jr.
Stewart J. Eisenberg, Esquire
Nancy J. Winkler, Esquire
Daniel J. Sherry, Jr., Esquire
Attorneys for Plaintiffs

DATED: September 16, 2019

# Exhibit I

**For Personal Use Only**



| C A R F A X | **CARFAX® Vehicle History Report**™ | US $39.99 |
| | An independent company established in 1986 | |

**Vehicle Information:**
**1992 MITSUBISHI 3000 GT VR4**
**VIN: JA3XE74C1NY055464**
**HATCHBACK 2 DR**
**3.0L V6 F DOHC 24V**
**GASOLINE**
**ALL WHEEL DRIVE**
**Standard Equipment | Safety Options**

Accident reported: airbag deployed

At least 1 open recall

**7** Service history records

**35** Detailed records available

**94,012** Last reported odometer reading

This CARFAX Vehicle History Report is based only on information supplied to CARFAX and available as of 4/10/18 at 2:41:00 PM (EDT). Other information about this vehicle, including problems, may not have been reported to CARFAX. Use this report as one important tool, along with a vehicle inspection and test drive, to make a better decision about your next used car.

| **C A R F A X Title History** | Summary |
| CARFAX guarantees the information in this section | |
|---|---|
| **Salvage | Junk | Rebuilt | Fire | Flood | Hail | Lemon** | Guaranteed No Problem |
| **Not Actual Mileage | Exceeds Mechanical Limits** | Guaranteed No Problem |

**GUARANTEED** - None of these major title problems were reported by a state Department of Motor Vehicles (DMV). If you find that any of these title problems were reported by a DMV and not included in this report, CARFAX will buy this vehicle back.**Register | View Terms | View Certificate**

| **C A R F A X Additional History** | Summary |
| Not all accidents / issues are reported to CARFAX | |
|---|---|
| **Total Loss** No total loss reported to CARFAX. | ✓ No Issues Reported |
| **Structural Damage** No structural damage reported to CARFAX. | ✓ No Issues Reported |
| **Airbag Deployment** Airbag deployment reported on 11/11/2017. | ⚠ Airbag Deployment |
| **Odometer Check** No indication of an odometer rollback. | ✓ No Issues Indicated |
| **Accident / Damage** Accident reported on 11/11/2017. | ⚠ Accident Reported |
| **Manufacturer Recall** At least 1 manufacturer recall requires repair. Most recalls can be repaired free of charge. | **Recall Reported** |
| **Basic Warranty** No data reported to CARFAX. | No Data Reported |

4/10/2018                    CARFAX Vehicle History Report for this 1992 MITSUBISHI 3000 GT VR4: JA3XE74C1NY055464

## C A R F A X   Detailed History                                                      Glossary

| Date: | Mileage: | Source: | Comments: |
|-------|----------|---------|-----------|
| 02/19/1992 | | NICB | Vehicle manufactured<br>and shipped to original dealer |
| 04/25/1996 | 12,549 | Washington<br>Motor Vehicle Dept.<br>Seattle, WA<br>Title #920733671496116 | Title or registration issued<br>Loan or lien reported |
| 12/22/1997 | 28,416 | Service Plan Co.<br>Graham, WA | Service contract issued |
| 01/03/1998 | | Washington<br>Motor Vehicle Dept.<br>Graham, WA<br>Title #961153323498003 | Title or registration issued<br>Loan or lien reported |
| 04/30/1998 | 33,000 | Washington<br>Inspection Station<br>Graham, WA | Passed emissions inspection |
| 05/18/1999 | 44,929 | Washington<br>Motor Vehicle Dept.<br>Yelm, WA<br>Title #9913842501 | Title or registration issued<br>Loan or lien reported |
| 06/07/2000 | 65,000 | Washington<br>Inspection Station<br>Seattle, WA | Passed emissions inspection |
| 06/09/2000 | 65,646 | Washington<br>Motor Vehicle Dept.<br>Seattle, WA<br>Title #0016120224 | Title or registration issued<br>Loan or lien reported |
| 06/09/2000 | | Washington<br>Motor Vehicle Dept.<br>Seattle, WA<br>Title #9913842501 | Title or registration issued<br>New owner reported |
| 03/06/2001 | | Washington<br>Motor Vehicle Dept.<br>Seattle, WA<br>Title #0021520703 | Title or registration issued<br>Loan or lien reported |
| 05/03/2001 | | Washington<br>Motor Vehicle Dept.<br>Seattle, WA<br>Title #0021520703 | Title or registration issued<br>Loan or lien reported |
| 03/13/2002 | 69,729 | Service Facility | Vehicle serviced |
| 05/10/2002 | | Mitsubishi Motors | Manufacturer Safety recall issued<br>NHTSA #02V143001<br>Recall #SR-02-003<br>1991-99 3000GT VR4 T/CASE-CONTACT DPSM PRIOR TO<br>DOING ANY WORK<br><br>Status: Remedy Available<br><br>Click here or call 1-888-648-7820 to locate an authorized<br>Mitsubishi dealership near you to obtain more information about<br>this recall.<br><br>- Learn more about this recall |

**Description:** IN CERTAIN AFFECTED VEHICLES, THERE IS A POSSIBILITY THAT A LEAK IN THE TRANSFER CASE MAY CAUSE BEARING FAILURE.

BEARING FAILURE MAY LEAD TO LOCK-UP OF THE WHEELS, WHICH COULD RESULT IN A CRASH WITHOUT PRIOR WARNING.

**Remedy:** THE DEALERSHIP WILL INSPECT THE TRANSFER CASE FOR LEAKAGE OR DAMAGE AND IF NECESSARY, REPLACE THE SEALS AND REFILL THE TRANSFER CASE TO THE PROPER LEVEL; OR REPLACE THE TRANSFER CASE IF THERE IS EVIDENCE OF DAMAGE.

| | | | |
|-------|----------|---------|-----------|
| 03/14/2003 | | Washington<br>Motor Vehicle Dept. | Title or registration issued<br>Loan or lien reported |

4/10/2018                    CARFAX Vehicle History Report for this 1992 MITSUBISHI 3000 GT VR4: JA3XE74C1NY055464

| Date | Mileage | Source | Detail |
|---|---|---|---|
| | | Lambertville, NJ<br>Title #0021520703 | Registration updated when owner moved the vehicle to a new location |
| 03/14/2003 | | Washington<br>Motor Vehicle Dept.<br>Lambertville, NJ<br>Title #0307353328 | Title or registration issued |
| 11/07/2005 | 73,989 | Pennsylvania<br>Motor Vehicle Dept.<br>New Hope, PA<br>Title #62579018AM01 | Title issued or updated<br>Registration updated when owner moved the vehicle to a new location |
| 05/22/2006 | 74,654 | Fred Beans Kia Of Limerick<br>Limerick, PA<br>610-495-5900<br>fredbeans.com | Drivability/performance checked |
| 05/22/2006 | | Fred Beans Family of<br>Dealerships<br>866-683-5295<br>fredbeans.com | Drivability/performance checked |
| 06/16/2006 | 74,744 | Fred Beans Family of<br>Dealerships<br>866-683-5295<br>fredbeans.com | Drivability/performance checked<br>Antifreeze/coolant flushed/changed |
| 06/16/2006 | | Fred Beans Kia Of Limerick<br>Limerick, PA<br>610-495-5900<br>fredbeans.com | Drivability/performance checked<br>Antifreeze/coolant flushed/changed |
| 08/03/2006 | | Fred Beans Kia Of Limerick<br>Limerick, PA<br>610-495-5900<br>fredbeans.com | Vehicle serviced |
| 08/03/2006 | | Fred Beans Family of<br>Dealerships<br>866-683-5295<br>fredbeans.com | Vehicle serviced |
| 08/12/2006 | 75,271 | Inspection Station | Exempt from emissions inspection |
| 09/17/2007 | 78,604 | Inspection Station | Exempt from emissions inspection |
| 08/15/2008 | 80,156 | Inspection Station | Exempt from emissions inspection |
| 09/17/2009 | 84,235 | Inspection Station | Exempt from emissions inspection |
| 08/03/2010 | | Pennsylvania<br>Motor Vehicle Dept.<br>New Hope, PA<br>Title #62579018AM01 | Registration issued or renewed |
| 10/08/2010 | 85,980 | Inspection Station | Exempt from emissions inspection |
| 08/10/2011 | | Pennsylvania<br>Motor Vehicle Dept.<br>New Hope, PA<br>Title #62579018AM01 | Registration issued or renewed |
| 10/11/2011 | 87,115 | Inspection Station | Exempt from emissions inspection |
| 08/27/2012 | | Pennsylvania<br>Motor Vehicle Dept.<br>New Hope, PA<br>Title #62579018AM01 | Registration issued or renewed |
| 03/07/2014 | | Pennsylvania<br>Motor Vehicle Dept.<br>New Hope, PA<br>Title #6257901801 AM | Registration issued or renewed |
| 11/05/2015 | 88,395 | Inspection Station | Passed emissions inspection |
| 06/16/2017 | 94,012 | Pennsylvania<br>Motor Vehicle Dept.<br>New Hope, PA<br>Title #6257901802 AM | Title issued or updated |
| 11/11/2017 | | Pennsylvania<br>Damage Report | Accident reported<br>Involving undercarriage impact<br>It hit a tree / shrubbery<br>It hit an embankment<br>Disabling damage reported<br>Vehicle towed<br>Airbag deployed |

CARFAX Airbag Tips

**Print this CARFAX Report and take it to your pre-purchase inspection**

Have Questions? Please visit our Help Center at www.carfax.com.

# C|A|R|F|A|X   Glossary                                                    View Full Glossary

### Accident Indicator
CARFAX receives information about accidents in all 50 states, the District of Columbia and Canada.

Not every accident is reported to CARFAX. As details about the accident become available, those additional details are added to the CARFAX Vehicle History Report. CARFAX recommends that you have this vehicle inspected by a qualified mechanic.

- According to the National Safety Council, Injury Facts, 2015 edition, 8% of the 254 million registered vehicles in the U.S. were involved in an accident in 2013. Over 74% of these were considered minor or moderate.
- This CARFAX Vehicle History Report is based only on information supplied to CARFAX and available as of 4/10/18 at 2:41:00 PM (EDT). Other information about this vehicle, including problems, may not have been reported to CARFAX. Use this report as one important tool, along with a vehicle inspection and test drive, to make a better decision about your next used car.

### Pennsylvania Damage Reports:
- Provide an estimate of the extent of damage in its accident reports for the following:
    - DISABLED: The vehicle cannot be driven from the accident scene due to severe damage or an injury.
    - FUNCTIONAL: The accident damage is moderate and may affect the operation of the vehicle and/or its parts. Examples include broken windows, trunk lids, doors, bumpers and tires.
    - MINOR: The accident damage does not affect the operation of the vehicle. Examples include dented bumpers, fenders, grills and body panels. This level of accident should not compromise vehicle safety.
    - NO DAMAGE: The vehicle was not damaged.

- Are required if the vehicle is towed from the scene or if an individual is injured

### Airbag Deployment
Occurs when the driver, passenger or side airbag has been used or deployed during a crash or other incident. If an airbag has been deployed, it must be replaced by a qualified technician. Have this car inspected by a mechanic prior to purchase. Use CARFAX Airbag Tips to make sure this vehicle's airbag system is functional.

### Manufacturer Recall
Automobile manufacturers issue recall notices to inform owners of car defects that have come to the manufacturer's attention. Recalls also suggest improvements that can be made to improve the safety of a particular vehicle. Most manufacturer recalls can be repaired at no cost to you.

### New Owner Reported
When a vehicle is sold to a new owner, the Title must be transferred to the new owner(s) at a Department of Motor Vehicles.

### Ownership History
CARFAX defines an owner as an individual or business that possesses and uses a vehicle. Not all title transactions represent changes in ownership. To provide estimated number of owners, CARFAX proprietary technology analyzes all the events in a vehicle history. Estimated ownership is available for vehicles manufactured after 1991 and titled solely in the US including Puerto Rico. Dealers sometimes opt to take ownership of a vehicle and are required to in the following states: Maine, Massachusetts, New Jersey, Ohio, Oklahoma, Pennsylvania and South Dakota. Please consider this as you review a vehicle's estimated ownership history.

### Title Issued
A state issues a title to provide a vehicle owner with proof of ownership. Each title has a unique number. Each title or registration record on a CARFAX report does not necessarily indicate a change in ownership. In Canada, a registration and bill of sale are used as proof of ownership.

**Follow Us:**  facebook.com/CARFAX   @CarfaxReports   CARFAX on Google+

CARFAX DEPENDS ON ITS SOURCES FOR THE ACCURACY AND RELIABILITY OF ITS INFORMATION. THEREFORE, NO RESPONSIBILITY IS ASSUMED BY CARFAX OR ITS AGENTS FOR ERRORS OR OMISSIONS IN THIS REPORT. CARFAX FURTHER EXPRESSLY DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. CARFAX®
© 2018 CARFAX, Inc., a unit of IHS Inc. All rights reserved.
Covered by United States Patent Nos. 7,113,853; 7,778,841; 7,596,512, 8,600,823; 8,595,079; 8,606,648; 7,505,838.
4/10/18 2:41:00 PM (EDT)

Exhibit J

10/15/2019 Civil Docket Report



No Items in Cart **LOGOUT**

Civil Docket Report

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 180503114 |
| **Case Caption:** | AMAGASU ETAL VS MELSON'S SERVICE CENTER, INC. |
| **Filing Date:** | Tuesday , May 29th, 2018 |
| **Court:** | MAJOR JURY-COMPLEX |
| **Location:** | City Hall |
| **Jury:** | JURY |
| **Case Type:** | PRODUCT LIABILITY |
| **Status:** | PRAEC/SETTLE DISCONTINUE END |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | SHERRY JR,, DANIEL J |
| **Address:** | EISENBERG ROTHWEILER WINKLER EISENBERG & JECK PC 1634 SPRUCE STREET PHILADELPHIA PA 19103 (215)546-6636 | **Aliases:** | *none* | |
| | | | | |
| 2 | 1 | | PLAINTIFF | AMAGASU, SOOMI |
| **Address:** | 6150 UPPER MOUNTAIN RD NEW HOPE PA 18938 | **Aliases:** | *none* | |
| | | | | |
| 3 | 1 | | PLAINTIFF | AMAGASU, FRANCIS |

| Address: | 6150 UPPER MOUNTAIN RD NEW HOPE PA 18938 | Aliases: | none | |
|---|---|---|---|---|
| | | | | |
| 4 | | | DEFENDANT | MELSON'S SERVICE CENTER INC |
| Address: | 295 W BRIDGE ST NEW HOPE PA 18938 | Aliases: | none | |
| | | | | |
| 5 | | | TEAM LEADER | NEW, ARNOLD L |
| Address: | 606 CITY HALL PHILADELPHIA PA 19107 (215)686-7260 | Aliases: | none | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 29-MAY-2018 05:50 PM | ACTIVE CASE | | | 30-MAY-2018 09:11 AM |
| Docket Entry: | E-Filing Number: 1805067254 | | | |
| | | | | |
| 29-MAY-2018 05:50 PM | COMMENCEMENT CIVIL ACTION JURY | SHERRY JR,, DANIEL J | | 30-MAY-2018 09:11 AM |
| Documents: | ⚲ Click link(s) to preview/purchase the documents Final Cover | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | none. | | | |
| | | | | |
| 29-MAY-2018 05:50 PM | PRAE TO ISSUE WRIT OF SUMMONS | SHERRY JR,, DANIEL J | | 30-MAY-2018 09:11 AM |
| Documents: | ⚲ Click link(s) to preview/purchase the documents PraecipeWrit.pdf WritofSummons.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | PRAECIPE TO ISSUE WRIT OF SUMMONS FILED. WRIT OF SUMMONS ISSUED. | | | |
| | | | | |
| 29-MAY-2018 05:50 PM | JURY TRIAL PERFECTED | SHERRY JR,, DANIEL J | | 30-MAY-2018 09:11 AM |

| Docket Entry: | 12 JURORS REQUESTED. | | | |
|---|---|---|---|---|
| | | | | |
| 29-MAY-2018 05:50 PM | WAITING TO LIST CASE MGMT CONF | SHERRY JR,, DANIEL J | | 30-MAY-2018 09:11 AM |
| Docket Entry: | *none.* | | | |
| | | | | |
| 07-JUN-2018 10:06 AM | AFFIDAVIT OF SERVICE FILED | | | 07-JUN-2018 10:07 AM |
| Documents: | ⚲ Click link(s) to preview/purchase the documents melsons.pdf | | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| Docket Entry: | AFFIDAVIT OF SERVICE OF SUBPOENA TO PRODUCE DOCUMENTS OR THINGS PURSUANT TO RULE 4009.2 UPON MELSON'S SERVICE CENTER INC BY PERSONAL SERVICE ON 06/06/2018 FILED. | | | |
| | | | | |
| 02-AUG-2018 12:35 PM | LISTED FOR CASE MGMT CONF | | | 02-AUG-2018 12:35 PM |
| Docket Entry: | *none.* | | | |
| | | | | |
| 04-AUG-2018 12:30 AM | NOTICE GIVEN | | | 04-AUG-2018 12:30 AM |
| Docket Entry: | *none.* | | | |
| | | | | |
| 07-AUG-2018 10:47 AM | PRAEC/SETTLE DISCONTINUE END | SHERRY JR,, DANIEL J | | 07-AUG-2018 11:05 AM |
| Documents: | ⚲ Click link(s) to preview/purchase the documents SDE.pdf | | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| Docket Entry: | SETTLED VIA S D & E PRAECIPE FILED. (FILED ON BEHALF OF FRANCIS AMAGASU AND SOOMI AMAGASU) | | | |

▶ Case Description    ▶ Related Cases    ▶ Event Schedule    ▶ Case Parties    ▶ Docket Entries

E-Filing System     Search Home

Exhibit K

**FILED**

22 FEB 2019 04:22 pm

**Civil Administration**

M. GRAHAM

**EISENBERG, ROTHWEILER,**
 **WINKLER, EISENBERG & JECK, P.C.**
**BY: STEWART J. EISENBERG, ESQUIRE**
**BY: NANCY J. WINKLER, ESQUIRE**
**BY: DANIEL J. SHERRY, JR., ESQUIRE**
**ATTORNEY I.D. Nos. 32151/49465/201515**          Attorneys for Plaintiffs
**1634 Spruce Street**
**Philadelphia, PA 19103**
**215.546.6636**

| | |
|---|---|
| SOOMI AMAGASU, both Individually and as | : COURT OF COMMON PLEAS |
| Spouse and Power of Attorney for FRANCIS | : PHILADELPHIA COUNTY |
| AMAGASU | : |
| *Plaintiffs,* | : |
| | : |
| vs. | : NOVEMBER TERM, 2018 |
| | : |
| FRED BEANS FAMILY OF | : NO. 002406 |
| DEALERSHIPS and FRED BEANS | : |
| FORD, INC. and FRED BEANS | : **JURY TRIAL DEMANDED** |
| FORD, INC. d/b/a FRED BEANS | : |
| FAMILY OF DEALERSHIPS and | : |
| FRED BEANS KIA OF LIMERICK | : |
| and FRED BEANS MOTORS OF | : |
| LIMERICK, INC. and | : |
| FRED BEANS MOTORS OF | : |
| LIMERICK, INC. d/b/a FRED BEANS | : |
| KIA OF LIMERICK and | : |
| MITSUBISHI MOTORS NORTH | : |
| AMERICA, INC. and MITSUBISHI | : |
| MOTORS CORPORATION | : |
| *Defendants.* | : |

## CASE MANAGEMENT CONFERENCE MEMORANDUM

Filing party:  Plaintiff                              By:  Daniel J. Sherry, Jr., Esquire

Counsel's address and telephone number (**IMPORTANT**)

1634 Spruce Street, Philadelphia, PA 19103 – 215-546-6636 (ph) 215-546-0118 (fax)

**Part A**
**(to be completed in personal injury cases)**

1. Date of accident or occurrence:   November 11, 2017

1(a).  Age of Plaintiff(s):   Plaintiff was 52 years old at the time of the incident in question.
3. Is there any permanent injury claimed?                      X | Yes             | No

If yes, indicate the type of permanent injury:        Plaintiff sustained a spinal cord injury resulting in
                                                      non-use of hands, legs and feet.

4. Dates of medical treatment:   N/A

5. Is medical treatment continuing?                         X | Yes           | No

6. Has there been an inpatient hospitalization?             X | Yes           | No

7. Has there been any surgery?                              X | Yes           | No
                                       To be provided
   If yes, indicate the type of surgery:

8. Approximate medical bills to date:   To be provided

   Approximate medical bills recoverable in this case:

9. Are there any existing liens (Workers Compensation, DPW, Medical, etc.)?        Yes | X | No

   If yes, what type and approximate amount?   To be determined.

10. Time lost from work:   Permanent

11. Approximate past lost wages:   To be addressed by expert testimony.

12. Is there a claim for future lost earning capacity?        X | Yes           | No

   If yes, approximate future lost earning capacity:   To be addressed by expert testimony.

13. Are there any related cases or claims pending?            | Yes      | X | No

   If so, list caption(s) or other appropriate identifier:

2

14.  Do you anticipate joining additional parties?     [ x ] Yes     [   ] No

3

15. Plaintiff's factual position as to liability:    Plaintiff sustained catastrophic injuries as a
                                                     result of a defective restraint system while Mr.
                                                     Amagasu was operating the vehicle.

16. Defense factual position as to liability:

18. Identify all applicable insurance coverage:

| *Defendant* | *Insurance Carrier* | *Coverage Limits* |
|---|---|---|
| | | |
| | | |
| | | |

Are there issues as to the applicability
of the above insurance coverage:                     ☐ Yes          ☐ No

19. Demand:    $ 80,000,000              Offer:    $ _____


                                         EISENBERG, ROTHWEILER, WINKLER,
                                         EISENBERG & JECK, P.C.

                                    By:  */s/ Daniel J. Sherry, Jr. Esquire*
                                         Daniel J. Sherry, Jr., Esquire
         February 22, 2019               *Attorneys for Plaintiff*
Date:    _____

4

Exhibit M

**CAMPBELL CONROY & O'NEIL, P.C.**
BY:    William J. Conroy, Esquire
           Emily J. Rogers, Esquire
Attorney I.D. Nos.: 36433/309033
1205 Westlakes Drive, Suite 330
Berwyn, PA 19312
(610) 964-1900
*Attorneys for Defendant,*
*Mitsubishi Motors North America, Inc.*

| | |
|---|---|
| SOOMI AMAGASU, both Individually and as Spouse and Power of Attorney for FRANCIS AMAGASU | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| | NOVEMBER TERM, 2018 |
| Plaintiffs | No.:   02406 |
| v. | |
| FRED BEANS FAMILY OF DEALERSHIPS, FRED BEANS FORD, INC., FRED BEANS FORD, INC. d/b/a FRED BEANS FAMILY OF DEALERSHIPS, FRED BEANS KIA OF LIMERICK, FRED BEANS MOTORS OF LIMERICK, INC., FRED BEANS MOTORS OF LIMERICK, INC. d/b/a FRED BEANS KIA OF LIMERICK, MITSUBISHI MOTORS NORTH AMERICA, INC., MITSUBISHI MOTORS CORPORATION | JURY TRIAL DEMANDED |
| Defendants. | |

## NOTICE TO PLAINTIFFS

To:    Daniel J. Sherry, Jr. Esquire
        Nancy Winkler, Esquire
        Stewart J. Eisenberg, Esquire
        1634 Spruce Street
        Philadelphia, PA 19103

Please take notice that Defendants, Mitsubishi Motors Corporation and Mitsubishi Motors North America, have filed a Notice of Removal in the United States District Court for the Eastern District of Pennsylvania, removing this civil action now pending in the Court of Common Pleas of Philadelphia County pursuant to 28 U.S.C. § 1441, et seq. Also, please take notice that Defendants have filed in the United States District Court for the Eastern District of Pennsylvania a copy of the Complaint and other relevant papers served upon them which were filed in the Court of Common Pleas of Philadelphia County.

Copies of this Notice of Removal and relevant papers are attached to this Notice and along with this Notice are being served upon you.

Respectfully submitted,

**CAMPBELL CONROY & O'NEIL, P.C.**

By: _____
William J. Conroy, Esquire
Emily J. Rogers, Esquire

*Attorneys for Defendants,*
Date:   October 16, 2019               *Mitsubishi Motors Corporation and*
*Mitsubishi Motors North America*

**CAMPBELL CONROY & O'NEIL, P.C.**
BY:    William J. Conroy, Esquire
        Emily J. Rogers, Esquire
Attorney I.D. Nos.: 36433/309033
1205 Westlakes Drive, Suite 330
Berwyn, PA 19312
(610) 964-1900
*Attorneys for Defendant,*
*Mitsubishi Motors North America, Inc.*

| SOOMI AMAGASU, both Individually and | COURT OF COMMON PLEAS |
|---|---|
| as Spouse and Power of Attorney for | PHILADELPHIA COUNTY |
| FRANCIS AMAGASU | |
| | NOVEMBER TERM, 2018 |
| Plaintiffs | No.:     02406 |
| | |
| v. | |
| | |
| FRED BEANS FAMILY OF | JURY TRIAL DEMANDED |
| DEALERSHIPS, FRED BEANS FORD, | |
| INC., FRED BEANS FORD, INC. d/b/a | |
| FRED BEANS FAMILY OF | |
| DEALERSHIPS, FRED BEANS KIA OF | |
| LIMERICK, FRED BEANS MOTORS OF | |
| LIMERICK, INC., FRED BEANS | |
| MOTORS OF LIMERICK, INC. d/b/a | |
| FRED BEANS KIA OF LIMERICK, | |
| MITSUBISHI MOTORS NORTH | |
| AMERICA, INC., MITSUBISHI | |
| MOTORS CORPORATION | |
| | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I, Emily J. Rogers, Esquire, hereby certify that on October 16, 2019, a copy of the foregoing

Praecipe to File Notice of Removal was mailed via U.S. Mail, first-class, postage prepaid, to

counsel for Plaintiffs at the following address:

Daniel J. Sherry, Jr., Esquire
Nancy J. Winkler, Esquire
Stewart J. Eisenberg, Esquire
Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck P.C.
1634 Spruce Street
Philadelphia, PA 19103

CAMPBELL CONROY & O'NEIL, P.C.

By: _____
Emily J. Rogers, Esquire

Exhibit L

**CAMPBELL CONROY & O'NEIL, P.C.**
BY: William J. Conroy, Esquire
Emily J. Rogers, Esquire
Attorney I.D. Nos.: 36433/309033
1205 Westlakes Drive, Suite 330
Berwyn, PA 19312
(610) 964-1900
*Attorneys for Defendant,*
*Mitsubishi Motors North America, Inc.*

| SOOMI AMAGASU, both Individually and as Spouse and Power of Attorney for FRANCIS AMAGASU | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
|---|---|
| Plaintiffs | NOVEMBER TERM, 2018 No.: 02406 |
| v. | |
| FRED BEANS FAMILY OF DEALERSHIPS, FRED BEANS FORD, INC., FRED BEANS FORD, INC. d/b/a FRED BEANS FAMILY OF DEALERSHIPS, FRED BEANS KIA OF LIMERICK, FRED BEANS MOTORS OF LIMERICK, INC., FRED BEANS MOTORS OF LIMERICK, INC. d/b/a FRED BEANS KIA OF LIMERICK, MITSUBISHI MOTORS NORTH AMERICA, INC., MITSUBISHI MOTORS CORPORATION | JURY TRIAL DEMANDED |
| Defendants. | |

## PRAECIPE TO FILE NOTICE OF REMOVAL

TO THE PROTHONOTARY:

Kindly file the attached copy of Notice of Removal, the original of which was filed with

the Clerk of the United States District Court for the Eastern District of Pennsylvania on October

16, 2019. This Notice of Removal was filed pursuant to 28 U.S.C. §1446(d).

Respectfully submitted,

**CAMPBELL CONROY & O'NEIL, P.C.**

By: _____
William J. Conroy, Esquire
Emily J Rogers, Esquire

*Attorneys for Defendants,*
*Mitsubishi Motors Corporation and*
*Mitsubishi Motors North America*

Date:   October 16, 2019